## ORLEY THOMPSON *v.* NEHEMIAH PROUTY.

### *Contract.*

The defendant, in consideration of $500,00 paid to him by the plaintiff, promised to go to California and labor there as much of the year 1851 as could be used, and give him reasonable time to reach home by the 1st of December of that year, and *there* equally divide with the plaintiff the avails of the expedition. *Held,* that, under this contract, the defendant was not entitled to retain from said avails the expenses of his journey home, if he did not return until long after the time specified ; but that the time to which he was obliged to make a division of his earnings, was only to such a period prior to said 1st of December, as would have been reasonably sufficient to have enabled him to have returned by that day.

Other parts of the contract *q. v.*, and of the rights of the parties under it, construed in accordance with the practical construction of the defendant, and the concessions of the plaintiff.

ASSUMPSIT, upon a contract in writing, made by the defendant at Jericho, May 11, 1850, in the following words :

" Know all men by these presents, that I, Nehemiah Prouty of " Jericho, County of Chittenden and State of Vermont, for, and in " consideration of the sum of five hundred dollars, paid to me by " Orley Thompson of said Jericho, the receipt whereof I do hereby " acknowledge, have agreed and solemnly promised, and do agree " and solemnly promise, to make an expedition to California — the " providence of God not preventing — and there laboring, if health " permits, the remainder of 1850, after reaching the place of desti- " nation, and as much of 1851 as can be used and give me reason- " able time to reach home by the first of December in said year, " and there equally divide the entire avails of said expedition " with said Thompson up to eight thousand dollars.

" If over that sum should be procured there is to be no division " with said Thompson ; and an equal division of any sum less than

" that, if it be all of the avails of said expedition, shall absolve me " from all claims said Thompson has on me for the aforesaid five " hundred dollars."

The breaches assigned were, that the defendant did not labor the time specified and divide the whole of the avails of the expedition. The declaration also contained the general money counts.　Plea, the general issue, trial by jury, May Term, 1854,— PECK, J. presiding.

It appeared that soon after making said contract, the defendant went to California and remained until April, or May, 1852 : that, on the 14th of October, 1851, he had expended the $500,00 received from the plaintiff in the prosecution of the business contemplated by his contract, and then had a balance of about $600,00 for his earnings above his expenditures, up to that time; and having concluded not to return home until after the 1st of December, he sent $200,00 to the plaintiff, retaining the balance of the $600,00 for himself, and from that time treated the contract as at an end.　At this time the defendant was nearly destitute of necessary clothing, having, a few weeks previous, while in the prosecution of his business under the contract, lost nearly all of his clothes by fire.

The defendant insisted that the $500,00 paid to him by the plaintiff did not become a part of the common fund, and that the plaintiff was entitled to a division only of the residue, after deducting said sum of $500,00 and the other necessary expenditures ; but the court instructed the jury that, it having been expended in the business under the contract, it must be treated as going for the common benefit of both parties, and that the defendant was not entitled to be reimbursed for it out of the earnings, or accumulations.　The defendant further claimed that he was entitled to retain from said $600,00 the expense of returning from California, and of supplying the necessary clothing which he had lost by the fire ; and the plaintiff's counsel conceded that these would have been proper charges on the part of the defendant, if he had returned by the time specified in the contract, and objected to them solely on the ground that the defendant had waived and lost his right of retaining anything for these purposes, by his neglecting to return by the 1st of December, 1851, and electing to remain there longer. The plaintiff also claimed that he was entitled to a division of the

defendant's earnings, up to the time of his actual return. The plaintiff's testimony tended to show that, from the 14th of October to the 1st of December was more than a reasonable time .for the return of the defendant; and the defendant's tended to show that it was not. The defendant's testimony also tended to show that the $200,00 sent to the plaintiff, was more than half the earnings after deducting the expenses over and above the $500,00, and the reasonable and necessary expense of supplying the lost clothing and returning home.

The court charged the jury that, if they found that the time from the 14th of October to the 1st of December, was no more than a reasonable time for the defendant to return and reach home by the 1st of December, that the defendant was justified in terminating the contract at that time; that he had the right of retaining from the common fund sufficient to supply such necessary clothing, suitable for him in his circumstances, as he was destitute of, by reason of having lost the same in the prosecution of the business contemplated by his contract, and also a sufficient sum for his passage and other necessary expenses home — and that he was entitled to retain these sums, the same as though he had returned by the time specified in the contract; that it was optional with him to return by the 1st of December, or remain longer, and that the plaintiff was entitled to receive only what he would have been entitled to, had the defendant returned at the time contemplated. To this charge the plaintiff excepted. Verdict for the defendant.

*Underwood & Hard* for the plaintiff.

*Geo. F. Edmunds* for the defendant.

The opinion of the court was delivered by

BENNETT, J. This is an action of assumpsit on a special contract, evidenced in writing. Its provisions are somewhat peculiar, and the contract itself may be referred to. I, for one, should have had some doubt whether, by a fair construction of the contract, the five hundred dollars was not to have made a part of the common fund; but the defendant having given a different practical construction to it, we are disposed to adopt his in that particular.

The decision of the county court in relation to the termination

of the contract, was very clearly correct; but as to the defendant's right to retain for his expenses home, we think it was erroneous. The defendant chose to violate his contract in this particular, and not to return home, according to the obligations of the contract. It might be a matter of some considerable importance to the plaintiff, to have him return when the contract was put an end to, that the parties might come to a settlement. Though the defendant saw fit at a subsequent time to return, yet, having violated the contract on his part, we cannot well see how his subsequent return can give him a right to retain under it.

The exceptions show that the plaintiff admitted on the trial, that the defendant would have had a right to have retained out of the common fund, to have made him good for the lost clothing and expenses home, if he had returned in pursuance of the contract. Under this admission, his not returning cannot affect his right to retain for the lost clothing. Though we might think that the defendant had no right to retain for the lost clothing, by the terms of the contract, yet, as this was virtually conceded to be his right, the court should not be complained of, by the plaintiff, for acting upon his admissions.

The judgment of the county court is reversed and the case remanded.