## ALEXANDER M. BEATTIE v. GRAND TRUNK RAILWAY COMPANY.

### *Evidence.*

The question being as to the condition of a railroad track at the time of an accident, and the plaintiff having shown by a witness its condition both before and after the accident, it became material for the defendants to contradict the testimony of said witness, and the defendants introduced one witness who testified only to the condition of the track *after* the accident. *Held*, that it was competent for the plaintiff to show, upon cross-examination of one of the defendants' witnesses, that there was a person within the knowledge and reach of the defendants, who was with the plaintiff's witness on *both* occasions when he saw the track, and by whom the defendants could contradict the testimony of the plaintiff's witness, if it was false, and to argue, from the neglect of the defendants to call said person as a witness, that said testimony was true.

ACTION on the case for the recovery of damages for personal injuries received by the plaintiff while being carried on the defendants' passenger train, at a place a few miles west of Brompton in Canada. Trial by jury, September term, 1867, STEELE, J., presiding.

It appeared that the engine and cars were thrown from the track, and that the car in which the plaintiff was riding, was thrown down a high embankment and was overturned, and that the plaintiff's right shoulder was dislocated, and that he received other injuries of less consequence.

The plaintiff introduced Samuel D. Ball as a witness, who testified that, at the time of the disaster complained of, he was a sec-

tion-hand, employed on the section next the one where the injury occurred; and that he and James H. Forbush, the section-master, and several other section-hands whose names Ball gave on cross-examination, went to the place where it occurred, the evening before, having been notified by a conductor that something was wrong in that direction; and that he then saw a rail in the track that was bent down six inches; and that Robert Brooks, an employee of the company, was left there to signal all trains that should come along, till the track should be repaired; and that they did not then have the means to repair it. Ball also gave testimony in regard to the state of the track and said bend in the rail after the accident had occurred, from observations made in company with said Forbush, which was very materially contradicted by a witness of the defendants' who saw the track after the accident, but not before; but the defendants introduced no witness as to the occurrence of the evening before, but argued that Ball's account was not true. Ball testified on Saturday. The court adjourned at an early hour. On Monday the plaintiff, against objection by the defendants, was allowed to prove, by inquiry made of one of the defendants' witnesses, William Elms, who was at the time of the accident, and still is, road-master on the defendants' road from Island Pond to Richmond, that he had seen said Forbush on that morning (Monday morning) at the Northumberland depot, a place four miles distant from the court-house; that the witness did not know where he was then (when the testimony was given); that said Forbush was foreman of the Brompton section, and is now foreman of a section at West Milan, N. H., in the employ of the defendants. And from this the plaintiff's counsel were allowed to argue, and ask the jury to infer, that the account given by said Ball was correct.

The bill of exceptions did not show that exception was taken to the admission of this testimony, but the case was argued in the supreme court upon this point as though the question was raised in the bill of exceptions.

Several exceptions were taken to the ruling of the county court upon different points, but were mostly waived in argument.

*Ray & Ladd*, for the plaintiff.

The defendants claimed that the account given of the state of the track at the place of the accident, by the plaintiff's witness Ball, was untrue. It appeared that Forbush was present when Ball found the track in the condition he testified it was in the evening before the accident. Forbush was then, and continued to be to the time of the trial, in the defendants' employ. He was within four miles from the court-house during the trial. It did not appear that any effort was made to procure his attendance. It is absurd to say that the plaintiff could not be allowed to repel an attack upon his witness, by showing that the defendants had at hand the means of contradicting him, if his story was untrue, and that they neglected to do so. The conduct of a party in relation to a given transaction, may always be shown on the trial and commented on by the counsel.

*George N. Dale*, for the defendants.

The fact that Forbush was in New Hampshire, four miles from the place of trial, and at work for the defendants, is no evidence of what he would state if introduced as a witness. There was no evidence that the fact that he was at Northumberland, was known to the defendants' counsel, or any one having to do with the trial, nor that he could have been produced as a witness after the fact that his evidence would be material, came to the knowledge of the defendants.

The opinion of the court was delivered by

BARRETT, J. Assuming, what the bill of exceptions does not show, that exception was taken by the defendants to the plaintiff's being allowed to prove, by inquiry of one of the defendants' witnesses, where Forbush was that Monday morning, viz., at Northumberland, four miles distant from the court-house, when the trial was going on, we think there was no error in this respect. Ball had testified as to the condition of the track, from observations made by him before and after the accident in the presence of, and in company with Forbush. The defendants controverted the truth of Ball's testimony on the strength of the testimony of a

witness who saw the track at the place of the accident only after the accident. Forbush was a section-man in the defendants' employ. In view of this conjuncture, it was in accordance with very long and uniform usage to attempt to countervail this assault upon the truthfulness of Ball, by showing that the conduct of the defendants in reference to this point in the trial, was inconsistent with the assumption and claim they were making. If Ball had testified falsely as to the condition of the road both before and after the accident, as seen by him in company with Forbush, and it was material for the defendants to meet that testimony by showing that it was false, the first thought on the subject would be to call Forbush, a fellow section-man, in the employ of the defendants, who saw all that Ball could have seen and at the same time and under the same circumstances, as well as a single individual who was there only after the accident and not at the same time with Ball, and thus not leave the question of Ball's credit to stand poised between his own testimony and that of such other single witness. It standing thus poised, we think the attending circumstances gave force to the fact that the defendants did not call Forbush, nor explain why not, when he was that morning within four miles from the court-house, and in the defendants' employ. This being so, it was legitimate to make the inquiry, and to use it in argument for the purpose shown by the bill of exceptions.

Judgment affirmed.