(13 App. Div. 328.)

## CARPENTER v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

1. ARREST WITHOUT WARRANT—OFFENSE NOT COMMITTED IN PRESENCE OF OFFICER.

An arrest without a warrant is unlawful where it is made on the ground that the person arrested had been disorderly and had committed an assault, but he was not committing any crime, and was not disorderly, at the time he was arrested.

2. EVIDENCE—PRESUMPTION—FAILURE TO PRODUCE WITNESS.

The failure of a party to call as a witness in his behalf his wife, who had knowledge of the facts, raises a presumption that her testimony would have been unfavorable to him, since the wife of a party is not equally available as a witness to the adverse party as for the husband.

3. DAMAGES—PROXIMATE CAUSE.

The loss of earnings by plaintiff for nine months is not the proximate result of a wrongful imprisonment for one night, in consequence of which plaintiff lost his employment.

Appeal from trial term, New York county.

Action by Julius Carpenter against the Pennsylvania Railroad Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Henry G. Ward, for appellant.

George A. Baker, for respondent.

WILLIAMS, J. The action was brought to recover damages for personal injuries caused by the act and procurement of defendant's conductor. The plaintiff was a colored man, living in New York City. August 13, 1893, he was a passenger on defendant's train for New York, which left Long Branch at 9:30 p. m. At Little Silver the plaintiff was, by the procurement of the conductor, arrested by a constable, taken from the train, and locked up. He was brought before the police justice the next morning, and, as no one appeared against him, was discharged. For this arrest and detention, the action was brought.

It was claimed that the plaintiff was disorderly on the train; that he assaulted a colored woman who was with him, and choked her; and that his arrest was rendered necessary and proper by reason of such misconduct. He was not, however, committing any crime, nor was he disorderly, at the time he was arrested. It was not claimed that he had committed any felony. His arrest and detention without any warrant was evidently unlawful, and gave the plaintiff a right of action. There was a conflict in the evidence as to the occurrence upon the train, and the verdict of the jury settled that conflict in favor of the plaintiff's claim that what occurred upon the train was a matter of pleasantry, and not in the nature of criminal conduct on his part. No doubt is expressed as to the defendant's being liable for the act of its conductor in procuring the arrest and detention of the plaintiff.

The defendant claims that errors were committed during the trial which call for a reversal of the judgment. It was apparently a technical error to permit the entry in the police justice's minutes of what was said by the conductor, after the plaintiff was discharged, to be read to the jury. The entry is not, however, set out in the record, and we cannot say whether it was of such a nature as to have prejudiced the jury against the defendant. If the entry was, as claimed, to the effect that the conductor said that he did not himself see what occurred on the train,—what the plaintiff did there, —it could not well have prejudiced the jury, because the conductor, when sworn as a witness on the trial, testified to the same thing.

It appeared upon the trial that the plaintiff, after the arrest and detention for which the action was brought, and before the trial, married the colored woman who was with him on the train, and whom, it was claimed, he there assaulted and choked. She was not produced as a witness on the trial, though living with the plaintiff in the city at the time. The defendant requested the court to charge the jury that they were at liberty to consider plaintiff's failure to produce her as a witness or explain her absence as an admission that her testimony would not have been favorable to him. The court refused to so charge, saying that it did not appear the woman was not equally available as a witness to the defendant. This was erroneous. The woman was not equally available as a witness to the defendant. She was the wife of the plaintiff. The defendant could not be expected to call her. If her evidence would have been such as to corroborate the plaintiff, he could easily have produced her as a witness, or shown that he could not do so. In the absence of such witness, unexplained, the jury might well infer that her evidence would not have been favorable to the plaintiff if she had been produced. Gordon v. People, 33 N. Y. 508; Schwier v. Railroad Co., 90 N. Y. 564; People v. Harvey, 92 N. Y. 559; Milliman v. Railway Co., 3 App. Div. 109, Kenyon v. Kenyon, 88 Hun, 211, 34 N. Y. Supp. 720. It will be observed that the request was merely that the jury were at liberty to, not that they must, consider that the woman's evidence would have been unfavorable to the plaintiff. The court, in effect, told the jury that the failure to produce the woman could not be taken in any way as unfavorable to the plaintiff's claim.

The court, in the course of the charge, told the jury that, under the facts in evidence, they might allow the plaintiff for loss of earnings as an item of damages by reason of his arrest and detention, and refused to charge, upon defendant's request, that the plaintiff was not entitled to recover for the loss of wages, as that was not the natural and probable result of defendant's act, and there was nothing to show that his employment in any event would have continued during the ensuing nine moths. The plaintiff alleged, in his complaint, as an element of damage, that he lost his employment, at a large salary; and he testified, on the trial, that at the time of his arrest and detention he was in the employ of one Robery Lloyd, placing commissions on races; that the next morning he was going up to Stamford to place some commissions at a pool room for Mr.

Lloyd, and was to meet him in New York at 10 a. m., and could then get to Stamford at 8 p. m., in time to get his commissions down; that he told the conductor and constable that if he did not get to New York that night he would lose a good position, and the conductor nevertheless told the constable to lock him up over night, and, being locked up and kept till morning, he was unable to keep his appointment with Mr. Lloyd, who employed some one else, and he was then knocked out of his job; that he was out of employment nine months, his salary was $45 a month and all expenses, and he had to pay his board during that time,—$10 per week; that he was to take Mr. Lloyd's money to Connecticut, and put it down, and get tickets; that, if he won, he would bring the money won back to Mr. Lloyd, and, if he lost, bring tickets to him; that Mr. Lloyd employed him by the month to do this, and the races went the year around,—at New Orleans in the winter, and at New York in the summer; that he had been working for Mr. Lloyd in this way for a year and a half, and Lloyd, because he did not make connections at Stamford, turned him down, and employed some one else to do his business; that for nine months after the arrest he did nothing, and then he had the same kind of employment again. It was in view of this allegation in the complaint, and this evidence on the trial, that the requests were made by the defendant. The refusal to charge as requested was erroneous, and may well have misled the jury. The loss of earnings while the plaintiff was under arrest would have been a proper element of damages, but the loss of a job for nine months, because the plaintiff failed to meet an appointment the next morning after his arrest, was not such a proximate result of the arrest and detention as to constitute a proper element of damages. It was to avoid the consideration of this subject by the jury in fixing the damages that these requests were made. The refusal to charge that the loss of nine months' salary was not the natural or probable result of the defendant's act, and was not a proper element of damages, was erroneous. Crain v. Petrie, 6 Hill, 522; Boyce v. Bayliffe, 1 Camp. 58; Hoey v. Felton, 5 Law T. R. (N. S.) 354; Brown v. Cummings, 7 Allen, 507.

For these errors in the charge, the judgment must be reversed, and a new trial granted, with costs to appellant to abide event. All concur.