## STATE *vs.* ARTHUR J. SMITH.

January Term, 1899.

Present: ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed May 11, 1899.

*State's Duty to Produce Witnesses.*—While it is held in some cases that it is the duty of the State in criminal trials to produce all witnesses within reach of process whose testimony will shed light upon the transaction, its failure to do so does not justify an inference unfavorable to the State when the witnesses are equally available to both parties.

*Exception—Charge.*—This court cannot find error in the charge of the county court to the effect that the defendant's failure to produce certain witnesses might be weighed against him, for the evidence, which is not referred to, may have shown that the witnesses were peculiarly within the knowledge and reach of the respondent, and the remainder of the charge, which is not referred to, must be assumed to have given the proper instructions.

INFORMATION for keeping a nuisance in the city of Barre. Plea, not guilty. Trial by jury, at the March term, 1897, Washington county, *Taft*, J., presiding. Verdict and judgment of guilty. The respondent excepted.

There was testimony in the case tending to show that a warrant was issued, and the premises searched for intoxicating liquors, and that liquors were found in the premises, and that at the time of the seizure the respondent with several others, some of whom were named by and others were unknown to the witnesses, were present in the premises.

The owner of the building or the one having control of the same was not summoned, nor was any proof offered by the State to show who was the lessee or in control. Counsel for the respondent claimed the right to argue to the jury that it was the duty of the State to summon all witnesses, especially those whose testimony could

establish the fact as to who was the lessee and had control of the premises, and that the failure of the State to produce such testimony was to be weighed against it. The court ruled that no presumption was to be drawn against the State because it did not bring witnesses when such witnesses were equally within the reach of both parties.

*Lord & Carleton* for the respondent.

*Fred A. Howland,* State's Attorney, for the State.

START, J. In passing upon the questions reserved in the court below, it becomes necessary to consider when and under what circumstances an inference unfavorable to a party may be drawn from his failure to produce other witnesses. It may be stated as a general rule, that, when it appears that evidence is *peculiarly* within the knowledge and reach of one party and not the other, an inference unfavorable to the party having such knowledge and to whom the evidence is peculiarly available may be drawn from his failure to produce such evidence. Applying this rule to the facts shown by the exceptions, it is clear that an inference unfavorable to the State could not be drawn from its failure to produce as a witness the owner of the building in which the liquor was found, nor from its failure to produce as witnesses other persons who were in the building. We cannot assume that the knowledge of these persons was peculiarly the knowledge of the prosecution, nor that they were peculiarly within its reach; and, in the absence of any showing upon this subject, the ruling of the trial court, that no presumption was to be drawn against the State because it did not produce witnesses, when such witnesses were equally within the reach of both parties, is presumed to have been justified by the evidence. While it is held in some cases that it is the duty of the State in criminal trials to produce all witnesses within reach of process, whose testimony will shed light upon the transaction, its failure to do so does not justify an inference unfavorable to the

State, when the witnesses are equally available to both parties. *State* v. *Fitzgerald*, 68 Vt. 125; *State* v. *Harrison*, 66 Vt. 523; *State* v. *Slack and Clough*, 69 Vt. 486; *State* v. *Roberts*, 63 Vt. 139; *Arbuckle* v. *Templeton*, 65 Vt. 205; *Scovill* v. *Baldwin*, 27 Conn. 318.

The court, after instructing the jury that they were not to draw any presumption against the respondent because he did not go upon the stand and testify, in effect said: "The testimony tends to show, that he was pretty constantly there, in the room, and that there were others with him at these times; and, if you believe that he could have shown by these witnesses, that he was not the keeper of the room, and some one else was, you have the right to consider the fact that he did not call these witnesses for the purpose or showing who the keeper of the room actually was." The respondent excepted to what the court said about the tendency of the evidence and calling other witnesses. The testimony is not referred to, and we cannot say that the evidence did not have the tendency stated by the court; nor can we assume that the evidence did not tend to show that the evidence referred to by the court was peculiarly within the knowledge and reach of the respondent. If such was the tendency of the evidence, the charge as given, in so far as it appears in the exceptions, was correct. The charge is not referred to, and it does not appear that the respondent excepted to the failure of the court to further instruct the jury. In order for this court to hold that there was error, we must assume, without the charge or evidence before us, that the court did not further instruct the jury as to the law applicable to the case, or that the evidence did not tend to show that the evidence referred to by the court below was peculiarly within the knowledge of the respondent. This, for the purpose of finding error, the court will not do. *Brooks* v. *Guyer*, 67 Vt. 669; *Bragg* v. *Laraway*, 65 Vt. 673; *State* v. *Bradley*, 64 Vt. 466.

In *State* v. *Fitzgerald*, 68 Vt. 125, relied upon by the

respondent, the court recognized the rule, that, when evidence peculiarly within the knowledge of a party is not produced, an inference unfavorable to such party may be drawn from his failure to produce it; but it appeared in that case that the evidence was equally available to both parties. For this reason, it was held that no inference unfavorable to the respondent could be drawn from his failure to produce it. In *State* v. *Ward*, 61 Vt. 191, it is said: "If the jury were satisfied that on the night of the fire and of the attempt to set it, the respondent was in some place other than the *locus criminis* and could have called witnesses to prove it, his failure to do so was a proper matter of comment by council and consideration by the jury." In *Seward* v. *Garlin*, 33 Vt. 592, it is said: "A failure to produce proof, when in the power of a party, is recognized even in criminal cases as proper to be considered by the jury." In *Beattie* v. *Grand Trunk R. R. Co.*, 41 Vt. 275, it was held that the failure of the defendant to produce its section man, who had examined its track before and after the accident and was then four miles from the place of trial and in the defendant's employ, was a proper subject of inquiry and argument. In *Graves* v. *United States*, 150 U. S. 118: L. ed. 37, 1023, it is said: "The rule, even in criminal cases, is, that, if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable." In *Commonwealth* v. *Brownell*, 145 Mass. 319, the respondent was complained of for keeping a nuisance. The charge upon the subject of non-production of witnesses by the respondent, so far as it is reported, appears to have been substantially the same as the charge in the case at bar; and it was held that the respondent had no ground of exception.

*Judgment that there is no error, and that the respondent take nothing by his exceptions.*