IN RE WILL OF EDMOND MCCABE, EMILY A. MCCABE and

OWEN F. MCCABE, Contestants.

October Term, 1900.

Present: TAFT, C. J., TYLER, START, WATSON and STAFFORD, JJ.

*Inference from non-production of evidence*—The failure of a party to produce evidence peculiarly within his knowledge may raise an inference unfavorable to such party.

APPEAL from a decree of the Probate Court allowing an instrument as the last will of Edmond McCabe. Trial by jury, Windsor County, June Term, 1900, *Munson*, J., presiding. Verdict establishing the will. Judgment on verdict. The contestants excepted.

*Hunton & Stickney* for the proponent.

*William Batchelder* and *William E. Johnson* for the contestants.

TAFT, C. J. The question in this case relates to the establishment of the will of Edmond McCabe. One question involved was whether he was of sound mind. It appeared in evidence that the testator, McCabe, lived on a farm, that hired men lived with him, saw him frequently, and were about him and where he was daily. The hired men were not called as witnesses by either the proponent or the contestants. Counsel for the proponent in argument to the jury, speaking in reference to the witnesses called by the contestants, said, "Have you seen any of the hired men who were there on the farm around McCabe day in and day out from 1893 to September 1896? Those hired men with him right along day in and day out from Monday morning to Monday morning." * * * At this point of the argument exception was taken by counsel for the contestants, and the proponent's counsel made no further remarks upon this subject, and said nothing in relation thereto. We are

asked to reverse the judgment upon the ground that when a witness is available to both parties no presumption can be drawn against either from a failure to produce such witness; the contestants claiming that the remark of counsel was a violation of that rule. There is a qualification of the rule, that, when evidence peculiarly within the knowledge of a party is not produced, an inference unfavorable to such party may be drawn from his failure to produce it. If the testimony the hired men could have given was peculiarly within the knowledge of the contestants, an inference unfavorable to them from their failure to produce the witnesses, was legitimate. It does not appear but that such was the fact.

*Therefore error does not appear and the judgment is affirmed and ordered certified to the Probate Court.*