JOSEPH CONNORS *v.* W. D. BALL.

January Term, 1901.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed March 14, 1901.

*Writ of certiorari, its nature and use*—Certiorari is not a writ of right, and will not in general issue when there is another adequate remedy. The petitioner had a remedy by appeal, which he took but afterwards abandoned for some unalleged reason, and hence his petition for a writ of *certiorari* was dismissed.

PETITION for a writ of *certiorari* brought to the Supreme Court for Windsor County and heard at the January Term, 1901. The petition was treated as demurred to.

*Arden H. Humphrey* for the petitioner.

*Charles P. Tarbell,* State's Attorney, for the petitionee.

*Per Curiam.* This is a petition for a writ of *certiorari.* The petition alleges that the petitioner was brought before the defendant, a justice, on complaint of the State's attorney, for being found intoxicated; that he pleaded not guilty, but that

the justice, nevertheless, straightway adjudged him guilty and sentenced him, without the introduction of any testimony and without even the form of a trial; that he appealed, but did not enter his appeal, and the State's Attorney did not enter it for affirmance.

Counsel, in argument, seemed to treat the petition as demurred to, and therefore we so treat it.

*Certirorari* is not a writ of right, but is granted or denied in the discretion of the court, according to the circumstances of the case and its necessity for the furtherance of justice and the regular execution of the laws. As a general proposition it will not issue when there is another adequate remedy. As a result of this doctrine it is a rule of almost universal application that it will not issue when there is an adequate remedy by appeal.

Here there was an adequate remedy by appeal; and the petitioner availed himself of it at first, but for some unalleged reason, abandoned his appeal and allowed the judgment and sentence to stand.

*Hence the writ will not issue, and the petition is dismissed with costs.*