(37 Misc. Rep. 483.)

### BANAGAN v. CLARK.

(Supreme Court, Appellate Term. March, 1902.)

EVIDENCE—FAILURE TO PRODUCE MATERIAL WITNESS—PRESUMPTIONS.

    The indorsee of a note after maturity sued the maker for the benefit of a second indorser. Defendant alleged that the payee and the indorser took the note as accommodation paper, with a condition that the second indorser would perform a contract with the maker of the note, and that the first indorser, which attempted, as agent, to perform the contract, had failed so to do. *Held* that, where the plaintiff failed to call as a witness a person connected with both indorsers in an official capacity. who might have been produced, and who knew the entire transaction, it entitled defendant to an instruction that such failure might be considered as evidence that if such person had been called his testimony would have been in favor of the defendant.

Appeal from city court of New York, general term.

Action by John J. Banagan against Nathan E. Clark. From a judgment of the general term affirming a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Franklin Bien, for appellant.

Seymour, Seymour & Harmon (Frederick Seymour, of counsel), for respondent.

GIEGERICH, J. This is an action upon a promissory note made by the defendant to the order of the Armstrong & Bolton Company,

indorsed by the latter to the Foskett-Bishop Company, and received by the plaintiff after maturity as an indorsee for collection. The issues at the trial were confined to the questions raised by an affirmative defense, whereby it was contended that the Armstrong & Bolton Company, the payee, had taken the note as accommodation paper, with a condition that a certain contract for steam fitting, made by the Foskett-Bishop Company with the defendant, should be performed, and that there had been no substantial performance. It appears that the work under this contract was undertaken by the Armstrong & Bolton Company, but the position of the defendant is that he never accepted this company as a substitute for the Foskett-Bishop Company in the performance of the contract, and that he dealt with the former upon the understanding that it was merely the agent of the latter. If this agency existed as a fact, then knowledge of the condition under which the note was given was imputed to the Foskett-Bishop Company, and nonperformance of the condition was thus available as a defense to the note in the hands of the plaintiff, who took the paper subject to the equities. Apart from the issue as to the special agreement, and as to performance of the contract for the steam fitting, the plaintiff's case, as against this defense, proceeded upon the contention that the Armstrong & Bolton Company was wholly independent of the Foskett-Bishop Company, and had been accepted by the defendant as the substitute for the latter company under the contract, it being claimed, generally, that the Foskett-Bishop Company received the note in suit as a bona fide holder, and that any agreement between the defendant and the payee was, accordingly, unavailing as a defense. Many exceptions were taken by the appellant to rulings upon evidence, but, as far as our attention has been called to these rulings by argument of the points, or by some statement of the grounds upon which error is asserted, we find no reason for reversing the judgment. We think, however, that for the court's refusal to charge certain matters requested by the defendant, under exception, a new trial should be had.

The defendant's testimony was that the agreement under which the note in suit was delivered was made with Mr. Armstrong, an officer of the Armstrong & Bolton Company, as well as a director of the Foskett-Bishop Company; and it is obvious that this individual was identified in interest with the plaintiff, and friendly to the suit. Upon the question of the special agreement touching the note, which the defendant alleged, Mr. Armstrong must needs have been a witness hostile to the defendant, as far as the matter of interest went, and, if he was to be a witness at all, it was but natural to assume that he would be called, not by the defendant, but by the plaintiff. It appeared that the plaintiff had made no effort, and, assumedly, had no desire, to procure the attendance of Mr. Armstrong at the trial, and no explanation of the failure to call him as a witness was given. By requests to charge, not objectionable in form, the defendant sought to have the jury instructed that the plaintiff's failure to call this witness "may be considered as evidence of the fact that his testimony would have been adverse to that party." The court refused thus to charge, but did charge that there was no evidence showing any in-

ability of the plaintiff to procure the attendance or testimony of Mr. Armstrong. The last proposition eliminated any question of excuse for not producing this witness, and, as a matter of fact, no excuse was suggested. Within the authority of Carpenter v. Railroad Co., 13 App. Div. 328, 43 N. Y. Supp. 203, the jury should have been instructed as requested. The conclusion reached by the court in that case made the relative availability of the witness to either party, by resort to a subpœna, no test upon this question of the presumption which might be indulged in for the failure to call a friendly witness whose testimony would necessarily have been material. In the case cited the right to have the jury thus instructed was made to depend upon the relationship existing between the adverse party and the absent witness, and the resulting probability that the witness, if able to give favorable testimony, would have been called. Here the absent witness was the main figure in the transactions which resulted in the suit, and it was for the benefit of a corporation of which he was a director that the collection of the note in this action was to be made. In commercial dealings, it is difficult to assume the existence of a situation where the friendship of the absent witness would follow as an inference to a greater extent than upon the facts presented here. See, also, Milliman v. Railway Co., 3 App. Div. 109, 39 N. Y. Supp. 274. In view of the fact that the defendant's testimony of the making of the special agreement was uncorroborated, the value of the instruction sought is obvious, and the ruling was clearly prejudicial. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event. All concur.