(86 App. Div. 122.)

### WERR v. KOHLES.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

**1. TRIAL—INSTRUCTIONS—FAILURE TO OFFER ACCESSIBLE EVIDENCE.**

In an action on a note the issues were as to whether defendant was a principal obligor, and whether the action was barred by limitations. To remove the bar plaintiff proved that a payment was made to her, but the time of such payment or on whose account made was uncertain. It appeared that a receipt for the payment had been made out, but never delivered, and that it was in court, in plaintiff's possession. *Held*, that it was error to refuse to instruct the jury they might consider the nonproduction of the receipt, because the receipt was in court and accessible.

Appeal from Onondaga County Court.

Action by Dorothea Werr against Michael Kohles. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Ernest I. Edgcomb, for appellant.
J. J. Kennelly, for respondent.

HISCOCK, J. Plaintiff by her complaint set forth two alleged causes of action against defendant. The first was against him as principal debtor upon a loan of $400 alleged to have been made May 27, 1895, payable, with interest, one year after date, and wholly unpaid at the time of the commencement of the action, except for the sum of $24 paid on or about May 27, 1896. The second alleged cause of action was against him as an indorser with one Kett upon a promissory note for said amount of money, dated upon the day above mentioned, and made by one Sherlock, and payable one year after date. Concededly, both causes of action relate to the same transaction and loan of the same sum of money.

The case has been twice tried, and has been before this court upon a prior occasion upon appeal by the present appellant. Upon the first trial plaintiff secured a recovery upon her alleged cause of action against defendant as indorser of the note made by Mr. Sherlock. It appeared, however, upon the trial that the note was never properly protested against defendant, and this court held that there was no sufficient evidence of waiver of such protest by him as would sustain the recovery. Upon the present trial plaintiff has abandoned her theory of seeking to hold defendant as indorser, and has adopted the other cause of action set forth in her complaint, that defendant was the real and principal debtor in the transactions involved, and that the loan was made to him. This claim was vigorously disputed

by appellant, who insists that in all of the transactions had by him with plaintiff he simply acted as an agent for Sherlock, who was the real debtor, and to whom the money was actually advanced and loaned. Upon this particular question the jury has found, as it undoubtedly might upon the evidence, that plaintiff was right in her claim.

Still another issue was presented upon the trial as to whether the loan or note had not become barred by the statute of limitations before this action was commenced. The solution of this question was dependent upon the date of a certain payment of $24 made upon the indebtedness. The action was commenced July 4, 1902. The loan and note were made May 27, 1895, payable one year after date. In her complaint plaintiff alleged that the payment in question was made May 27, 1896. Upon the first trial of the case she presented evidence to the effect that the payment was made in the fore part of June, the exact date not being specified. Upon the second trial the evidence presented by her was to the effect that said payment was made in July, 1896. The importance of properly ascertaining which date is correct is very apparent.

The payment was made by defendant to plaintiff's daughter, and at the time of making it he presented to and left with her for the signature of her mother a receipt for· the money in question. Said daughter, who gave the important evidence for plaintiff as to the date of payment, admitted that she fixed such date largely by reference to the receipt.

It may be naturally assumed that said paper if produced upon the trial would have thrown much light upon the two sharply defined issues raised as to the identity of the person to whom the loan was made and as to the time of the payment thereon. We must assume that said paper would naturally indicate from and on account of whom the payment was received, and thereby disclose whether the obligor was Sherlock, as claimed by defendant, or Kohles, as claimed by respondent. It would also quite inevitably indicate the date of payment, and thus throw much light upon this point, about which plaintiff's evidence has wavered with considerable uncertainty and readiness, as seemed best adapted to the exigencies of her case. It appeared upon the trial that said paper had never been delivered back to the defendant, but was in court in the possession of plaintiff's attorneys, who, despite all the considerations which must have suggested its production if containing evidence in plaintiff's favor, did not see fit to produce it. Under these circumstances, appellant's counsel at the close of the case requested the judge in the Municipal Court to charge that the jury might "take into consideration the fact of the nonproduction of the alleged receipt referred to by Mrs. Young in her testimony in determining what the original transaction was, and where the truth in this matter lies." This the learned judge declined to do, "because it appears that this paper is here in court, and would be accessible," and to which ruling exception was duly taken. We think the refusal to charge as requested was error, for·which the judgment appealed from should be reversed.

It is a well-settled rule that under certain conditions a jury in

passing upon a disputed issue of fact may take into account the failure of a party to produce evidence under his control, and which, if he is seeking to maintain the truth, would presumptively be in his favor and corroborate him. Kenyon v. Kenyon, 88 Hun, 211, 34 N. Y. Supp. 720; Milliman v. Rochester Railway Co., 3 App. Div. 109, 39 N. Y. Supp. 274; Carpenter v. Penn. R. R. Co., 13 App. Div. 328, 43 N. Y. Supp. 203. We think that the facts disclosed in this case brought the receipt mentioned within the rule stated, and that defendant's counsel was entitled to have the jury charged as requested. He did not transgress the limits of the rule adverted to by asking to have it charged that the jury must take into unfavorable account the nonproduction of the receipt by plaintiff. Upon the other hand, his request was well within the limits in simply asking to have the jury charged that they might take into account such nonproduction.

We do not think that the answer suggested by the court to this request met the rule or satisfied defendant's rights. The question was not whether defendant might not have secured possession of this receipt. The query was whether the jury might not draw unfavorable inferences from the failure of plaintiff to voluntarily produce that which was under her control, and which if so produced would doubtless have thrown much light upon the relations of these parties in regard to the transaction involved. For the reasons stated we think the judgments appealed from must be reversed, and a new trial granted.

Various other reasons have been suggested by the appellant why plaintiff should not be allowed to recover in this case. Inasmuch, however, as a new trial must be had, which probably will result in the production of new evidence, we prefer at this time not to pass upon such other questions.

Judgment of County Court and judgment and order of Municipal Court reversed upon questions of law only, the facts having been examined and no error found therein, and a new trial ordered in Municipal Court, with costs to the appellant to abide event. The form of the order to be settled by and before HISCOCK, J., on two days' notice. All concur.