### RICHTER v. SOLOMON et al.

(Supreme Court, Appellate Term. May 16, 1907.)

1. EVIDENCE—PRESUMPTIONS—FAILURE TO CALL WITNESS.

While no presumption attaches to the failure to call a witness who might corroborate, the jury has the right to consider the failure to call him or explain his absence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 97.]

2. EXPLOSIVES—INJURIES FROM BLASTING—NEGLIGENCE—EVIDENCE—RES IPSA LOQUITUR.

Where a person was injured by a stone hurled by a blast exploded by defendant, he is entitled to recover without proof of negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Explosives, §§ 9, 10.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by John Richter against Emanuel Solomon and others. From a judgment for plaintiff, defendant Colon appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Edward Herrmann, for appellant.

Alexander Kahn, for respondent.

BRADY, J. This action was brought to recover damages for personal injuries sustained by plaintiff, an infant about four years of

age, by being struck by a stone thrown by a blast. The action was commenced against Solomon, the owner, Colon, the contractor, and Constantine, the foreman, alleged to have controlled the blasting operation. The complaint was dismissed as to the owner on the ground that he had proven a contract for the entire work with the defendant Colon, and the jury found a verdict for $500 in favor of the plaintiff against the defendant Colon. It also found in favor of the defendant Constantine.

The pleadings were oral. The defendant Colon sought on the trial to evade responsibility on the ground that he had sublet the contract to one Figurito, and the defendant Constantine disclaimed liability upon the ground that he had no connection with the blasting operation. The owner established a contract for the work with the defendant Colon, and the complaint was properly dismissed as to him.

The question as to whether the defendant Colon had sublet the contract to one Figurito was one of fact, and properly within the province of the jury to decide. They found against Colon on that question. He did not call Figurito as a witness, nor explain his failure to do so. The charge of the learned trial justice upon that point was presented to the jury in the following words:

·"The defendant Colon says that he had given the contract to another person, one Figurito, to do this blasting; but you may take into consideration the fact that Figurito was not produced here to-day, and no explanation given of his absence, on coming to a determination on that question of fact of whether or not he did give a contract to Figurito to do this work, or did employ him as an independent contractor to do the work of blasting out this excavation."

No exception appears to have been taken to this part of the charge, nor do we think the same reversible error. While no presumption attaches to the failure to call a witness who might corroborate, the jury has the right to consider the failure to call him or explain his absence. People v. Dyle, 21 N. Y. 578; Gordon v. People, 33 N. Y. 501; Bleecker v. Johnston, 69 N. Y. 312; Sugarman v. Brengel, 68 App. Div. 378, 74 N. Y. Supp. 167; Werr v. Kohles, 86 App. Div. 124, 83 N. Y. Supp. 128; Carpenter v. Penn. R. R. Co., 13 App. Div. 330, 43 N. Y. Supp. 203; Hicks v. Nassau El. R. R. Co., 47 App. Div. 479, 62 N. Y. Supp. 597. Figurito, according to the defendant Colon, bore such relations toward him that he could be reasonably said to be within his control and more accessible to him than to the plaintiff.

On the question of negligence the case at bar is within the principle enunciated in Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274. Proof of negligence was not necessary. The defendant was liable as a trespasser. The case of Holland House v. Baird, 169 N. Y. 141, 62 N. E. 149 is not in point. The action there was for consequential injury—for damages by shock, etc.—and not for direct injuries; and Gray, J., in his opinion, distinguishes between the principles involved. On the question of the amount of damages we find no reason to disturb the verdict.

Judgment affirmed, with costs. All concur.