L. H. ANDERSON *v.* GEORGE A. DUTTON.

October Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed November 2, 1927.

*Evidence—Inference Permissible from Failure To Produce Evidence—Wife of Party Not Deemed Equally Available as Witness to Other Party—Payment—Jury Question.*

1. Failure of party to produce testimony peculiarly within his knowledge *held* to raise strong inference that had such testimony been produced it would have been unfavorable to him.

2. General rule that party is not prejudiced by failure to produce testimony of witness equally available to both parties does not apply when witness not produced is his wife, she not being regarded as equally available to both parties.

3. In action of tort under G. L. 6888, as amended by Acts of 1925, No. 130, for issuing check on bank without sufficient funds therein to drawer's credit to pay it, whether drawer subsequently paid check by delivering to payee latter's note for an equal amount owing to drawer, *held* question for jury.

4. Where evidence on issue affords room for opposing inferences upon the part of reasonable men, question is for jury.

ACTION OF TORT under G. L. 6888, as amended by Acts of 1925, No. 130, for issuing check on bank where drawer had insufficient funds to pay it. Answer, that at time check was drawn and delivered defendant had sufficient funds on deposit to meet it, and that after check was protested settlement was

made with plaintiff by delivering to him his note then owing to defendant for an equal amount. Trial by jury in Orleans County municipal court, *Frank C. Williams,* Municipal Judge, presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case. *Affirmed.*

*E. A. Cook* for the plaintiff.

*Sumner E. Darling, Jr.,* for the defendant.

STATEMENT BY CHIEF JUSTICE WATSON. This is an action of tort on G. L. 6888 as amended by No. 130, Acts of 1925, to recover the amount due on a check drawn by the defendant on the Barton Savings Bank & Trust Company, for $150, in favor of plaintiff, which upon its presentation was protested by the bank for want of sufficient funds therein to the credit of the drawer with which to pay the same. Defendant filed an answer to the effect that at the time the check was made and delivered and for some time thereafter he had sufficient funds on deposit in said bank to meet it, and that after the check was protested by the bank, he settled with the plaintiff for said protested check and paid the same by delivering to the latter a note for an equal amount which the plaintiff was owing defendant at the time the check went to protest.

A trial had by jury in the Orleans County municipal court, resulting in a verdict and judgment for defendant to recover his costs.

Plaintiff excepted to the submission to the jury of the question of payment by the defendant, on the ground that there was no evidence to warrant it. The reporter's transcript of the evidence is referred to so far as any evidence may there appear in support of defendant's claim of payment.

On this question the transcript shows as follows:

Defendant testified in chief that he learned on July 25, 1926, that the check had gone to protest on July 23d; that at the time he so learned, he tried to settle with the plaintiff; further testifying: "Q. And how did you settle with him at that time? A. I told him I would give him his note if he would give me the check. Q. How much was the note for? A. $150.00. Q. Had you previously demanded payment of the note from Mr. Anderson? A. Yes, sir, on the 21st. Q. Be-

30

fore the check went protest? A. Yes, sir. Q. And what did you say? A. I said he would have to pay it as soon as he could.'' In cross-examination, plaintiff's attorney showed by defendant that plaintiff sold him two cows, testifying further as follows: ''Q. And you gave him the note in payment of the two cows? A. No. Q. Did you pay him for those two cows? A. No. Q. He sold you two cows and you didn't pay for them? A. Yes, sir. Q. You gave him his note? A. Yes, sir. * * * * Q. Now which is true; that you gave him that note in payment for the check, or that you gave that note in payment for the cows, and agreed to see that the check was made good? Which of those two things is true? Can't you tell? A. He told me that it was up to me to make the check good.''

In rebuttal, plaintiff testified: ''Q. Mr. Anderson, I show you a paper marked 'Plaintiff 2' and ask you if those are the figures made at the time that Mr. Dutton delivered you the note? A. Yes, sir. Q. And you settled for the note? A. Yes, sir. * * * Q. Did you exchange or agree to exchange at that time the check you had taken for the note you had given? A. No. Q. You did on that day pay and settle the note? A. Yes, sir. Q. And the check still remained unpaid? A. Yes.''

Plaintiff improved his wife as a witness in rebuttal. She testified in chief to being present when her husband and the defendant ''figured up things.'' She was then asked, ''Can you tell whether that note was figured in settlement and payment of the cows?'' To this question she answered, ''Yes, sir.''

Neither of the parties asked the witness to tell, nor did she at any time tell whether in fact the note was so figured.

WATSON, C. J. [1, 2] Neither in plaintiff's opening case nor in defendant's testimony in chief was there evidence tending to show payment of the check as pleaded in defense of the action, sufficient on which to submit that question to the jury. At most in such respect, defendant testified in chief that he tried to settle with plaintiff and told him that he (defendant) would give him (plaintiff) his note if he would give defendant the check; that he had previously demanded payment of the note. But defendant did not testify in chief that at the time of such attempted settlement or subsequent thereto he delivered said note to the plaintiff, nor that plaintiff agreed to such settlement or payment. But plaintiff's attorney, not being content to

leave the question upon defendant's testimony as it then stood, cross-examined him regarding the matter, showing by his direct and positive testimony that on the occasion mentioned he gave the note up to plaintiff, but not in payment for the two cows. And to the further question in cross-examination, as to which was true, that he gave plaintiff the note in payment of the check or in payment for the cows, defendant answered: "He told me that it was up to me to make the check good."

In rebuttal, plaintiff testified that defendant delivered the note to him, and he (plaintiff) then settled the note, but did not exchange or agree to exchange the check for the note, the check remaining unpaid. In further rebuttal, the plaintiff, improving his wife as a witness, showed by her that she was present on the occasion when, by the testimony of each party, the so-called settlement or payment, whatever it was, took place, and then asked her the question: "Can you tell whether that note was figured in settlement and payment of the cows?" Her full answer was, "Yes, sir." Neither party asked the witness to state what the fact was as to the note being so "figured," nor did she state. The relation existing between the plaintiff and the witness was such that presumably the former had peculiar knowledge of what the answer of the latter would be if asked to state the fact as she knew it. For some reason, not appearing of record, plaintiff deemed it not expedient to elicit her testimony in that particular respect, though material because of its strong, and in one event conclusive, bearing upon the issue as to whether or not the check had been paid as pleaded and claimed by defendant. In the circumstances of the case, the failure of the plaintiff to produce such testimony, peculiarly within his knowledge, raised a strong inference which the jury had a right to consider, that had such testimony been produced it would have been unfavorable to him. *Seward* v. *Garlin,* 33 Vt. 583; *State* v. *Smith,* 71 Vt. 331, 45 Atl. 219; *In re Will of McCabe,* 73 Vt. 175, 50 Atl. 804; *McKinstry* v. *Collins,* 74 Vt. 147, 52 Atl. 438; 10 R. C. L. 885. The general rule that a party is not prejudiced by failure to produce the testimony of a witness equally available to both parties does not apply; for the wife of a party is not regarded an equally available witness for the other party, within that rule. *Carpenter* v. *Pa. R. R. Co.,* 13 App. Div. 328, 43 N. Y. S. 203; 22 C. J. 120. See, also, *Milliman* v. *Rochester R. Co.,* 3 App. Div. 109, 39 N. Y. S. 274, 276.

Nor was such inference neutralized by defendant's failure to ask the witness after she was turned over by plaintiff for cross-examination, to state whether in fact the note was figured in settlement and payment for the cows.    It does not appear from the record that defendant had any opportunity to find out from the witness what she would testify to in such respect, before she took the witness stand—whether she would tell the truth.    Consequently, it does not appear that her testimony was not peculiarly within the knowledge of the plaintiff.    *McKinstry* v. *Collins, supra.*    See, also, *Western, etc., R. R. Co.* v. *Morrison,* 102 Ga. 319, 29 S. E. 104, 40 L. R. A. 84, 66 A. S. R. 173.

[3, 4]    As the case stood at the close of all the evidence, there should seem to be no doubt that the evidence was sufficient to go to the jury on the question of the payment pleaded by defendant.    We think the evidence bearing on this issue affords room for opposing inferences upon the part of reasonable men, and therefore it was proper to submit the question to the jury. *Ide* v. *Boston & Maine R. R.,* 83 Vt. 66, 82, 74 Atl. 401.

*Judgment affirmed.*