BARILONE SONS CONSTRUCTION CO. *v.* E. REYNOLDS.

February Term, 1938.

Present: POWERS. C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 3, 1938.

*H. C. Shurtleff* for the defendant.

*C. O. Granai* for the plaintiff.

SHERBURNE, J.   This is an action of contract in the common counts.   Trial was by court.   After findings of fact had been made, judgment was entered in favor of the plaintiff for the amount of its specifications and interest thereon, except for two items waived.   The case comes here upon defendant's exceptions.

The first six items in the plaintiff's specifications are for work done at the East Barre flood dam from August 16 to September 30, 1935.   Although there was a written contract between the parties whereby the plaintiff took over certain items in a contract between the defendant and the war department of the United States for certain classes of work at specified hourly rates of compensation, less the discount deducted by the United States Government, and the defendant therein agreed to pay the plaintiff for work performed on the same days that the government paid him, the plaintiff did not seek to recover upon this contract, but made out a *prima facie* case for work and labor performed by introducing, without objection, oral testimony that it was employed by the defendant to do this work at the same specified hourly rates of compensation.   The written contract was introduced into the evidence by the defendant as a part of his case.

In his first exception the defendant claims that the plaintiff has been allowed seven hours too much time.   He contends that on September 26, 1935, the plaintiff should have been allowed only one and one-half hours for the use of its power shovel, instead of the eight and one-half hours allowed by the court.   A government clerk upon the project kept the time that the plaintiff worked his equipment, and the defendant got this time from him twice a month.   The plaintiff also got the time

from this clerk. This clerk did not attend the trial, but the plaintiff produced four papers, marked plaintiff's exhibits 2, 2a, 3 and 4, which its treasurer, Ernest Barilone, testified were given to him by this clerk as showing the time worked. These papers were received as exhibits without objection. They show the hours worked each day from August 1 to September 30, 1935. The plaintiff also offered as an exhibit a paper, marked Exhibit 1, which the defendant testified was a certified copy of the time which he had received from this clerk. This exhibit purports to show the hours worked from September 11 to September 30, and agrees with exhibits 2 and 2a on the time worked on each day during this period from September 11 to September 30, except on September 26, where it only allows one hour and thirty minutes for the use of the shovel, whereas exhibit 2 allows eight hours and thirty minutes for the use of the shovel on that day. The only witnesses who testified at the trial were Barilone and the defendant. Barilone did not know the name of this clerk other than as "Sparky," whereas the defendant testified that although called by that title his name was Mr. Daignoult, and that he was the administrative officer at the project. Exhibit 1 purports to be signed by Diagnoult.

Because of the defense relied upon and testified to by the defendant, that on September 10, 1935, he had settled with the plaintiff up to that date by giving him a check for $834.88 upon which was endorsed "In full discharge of all claims to date 9/10/35," which endorsement the court found was not on the check when delivered to the plaintiff, and which check the court found was given for work prior to the work for which suit was brought, the court may have suspected the authenticity and accuracy of exhibit 1. This exhibit is in handwriting different from that of the other exhibits. It is a suspicious circumstance that the defendant should produce a certified copy of the time beginning on September 11, the day after the date of the check, and fail to produce the original time sheets which were given to him every fifteen days, in view of the defendant's false testimony regarding the check.

It is a rule of general application that when a witness makes two statements which are inconsistent with each other, both are for consideration, and it is for the court to decide which is to be accepted as true. But this is so only when it is reason-

440

able to have it so and when opposing inferences can reasonably be drawn therefrom. *Piper* v. *Oakland Motor Co.*, 94 Vt. 211, 213, 214, 109 Atl. 911. This rule applies to exhibits 1 and 2. Under the circumstances we are unwilling to disturb the finding of the court which is based upon exhibit 2.

■ The defendant excepted to the failure of the court to allow the discount deducted by the government. The contract between the defendant and the war department was not produced, but it appeared in evidence that the government mailed to the defendant a check after each fifteen days' work, less a discount of two per cent if paid within ten days. All that need be said about this exception is that the defendant agreed to make payments upon the days he received his pay from the government. The situation is the same for all practical purposes as though the contract between the parties had provided that the defendant should settle for each fifteen-day period and should have a discount of two per cent if he paid within ten days thereafter. As payment was not so made the defendant was not entitled to the discount.

■ The defendant excepted to the allowance of these six items and to the allowance of interest upon them from October 10, 1935, upon the ground that there was no evidence as to when the government payments were due, or that any such payments had ever been made, and because there was no evidence to show that the plaintiff had performed all the conditions required to be performed by the war department contract, and which the plaintiff had agreed to perform in its contract with the defendant. Defendant contends that the burden was upon the plaintiff to prove these things if it would recover. Had the defendant introduced evidence that he had not been paid by the government or that the said conditions had not been performed, it is possible that the burden would have been upon the plaintiff to prove the affirmative. The plaintiff having made a *prima facie* case in its opening, however, the burden of producing this evidence was upon the defendant. 71 C. J. 133, 134. Moreover, the failure of the defendant to disclose whether or not he had received his pay and whether or not there were any conditions in his contract with the war department which the plaintiff had not performed, facts which were peculiarly within his knowledge, raised a strong inference that if he had done so the evidence would have

been unfavorable to him. *Anderson* v. *Dutton,* 100 Vt. 464, 467, 139 Atl. 210; *McKinstry* v. *Collins,* 74 Vt. 147, 52 Atl. 438; *In re Will of McCabe,* 73 Vt. 175, 50 Atl. 804; *State* v. *Smith,* 71 Vt. 331, 45 Atl. 219; *Seward* v. *Garlin,* 33 Vt. 583. If, as the evidence tended to show, the government paid within ten days after the expiration of each fifteen-day period, the whole account was due by October 10, 1935, and interest was properly allowed from that time.

The defendant excepted to the allowance of an item of $5.00 in the specifications. It appeared that in paying for previous work the defendant had deducted that sum claiming that he had paid it to an operator he had placed upon plaintiff's shovel. Plaintiff's evidence tended to show that the payment was not so made, and the court evidently so found.

No error appears.

*Judgment affirmed.*