FREDERICK W. WAKEFIELD, JR. *v.* CHAMPLAIN MARINE CO., INC.

February Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 7, 1940.

*Frederick W. Wakefield, Jr., pro se.*

*J. Boone Wilson, Chas. F. Black* and *Willsie E. Brisbin* for the defendant

244

JEFFORDS, J. This is an action of contract. Trial was had by the Chittenden Municipal Court without a jury. Judgment was rendered for the defendant and the case is here on plaintiff's bill of exceptions.

From the findings filed it appears, as far as here material, that one Alderman entered the employ of the defendant in the summer of 1934 at an agreed wage of $35.00 per week. That in October of that year the defendant, through its manager, and Alderman agreed that $5.00 per week should be deducted from his wages during the winter months of 1934-1935 which deductions the defendant promised to repay to him during the summer of 1935 provided he remained in the employ of the defendant during that summer. That sometime during the spring of 1935 after a talk with the manager of the defendant concerning an increase in wages Alderman left the employment of the defendant voluntarily. At the time he left the deductions amounted to $150.00, the claim for which was assigned by him to the within plaintiff.

Passing over the question of the sufficiency of the exceptions taken by the plaintiff we will consider the two that he has briefed. The first is to the effect that the finding that Alderman quit voluntarily is unsupported and unwarranted by the evidence.

A reading of the transcript discloses that Alderman made inconsistent statements as to this fact and it was for the trier to decide which was to be accepted as true, neither having plainly been a correction of the other. *Barilone Sons Construction Co.* v. *Reynolds,* 109 Vt. 436, 439, 190 Atl. 259; *Piper* v. *Oakland Motor Co.,* 94 Vt. 211, 213, 109 Atl. 911. There was also other evidence in the case fairly and reasonably tending to support this finding. Consequently the finding must stand. *Verfenstein* v. *Deiglmayr,* 111 Vt. 87, 10 Atl. 2d. 2; *Levin* v. *Rouille,* 110 Vt. 126, 128, 2 Atl. 2d. 196.

The other exception which is briefed is, as we construe it, to the judgment. It has to do with the agreement as to the deductions and the payment of the same. The correctness of the finding on this point is not briefed but it is here claimed that, as a matter of law, such an agreement would be without consideration

and therefore *nudum pactum* in that it would require one to work to earn money already earned.

The original agreement was oral and apparently the employment under it was for no specified period. The parties to it could at any time before breach modify the same and thus make a new contract. *Powers* v. *Rutland R. R. Co.*, 88 Vt. 376, 394, 92 Atl. 463; 17 C. J. S. 868, sec. 379. At the time of the change the defendant was not legally bound to retain Alderman in its employ if he did not agree to the modification nor was the latter obligated to keep working if he did not so desire. The case therefore is not one of a promise to do that which one is already bound to do. By agreeing to the change gain resulted to both and not merely to one of the parties. Under such circumstances their mutual consent thereto was sufficient consideration for the substituted contract. 12 Am. Jur. 988, secs. 410-412; 17 C. J. S. 864, sec. 376, b. See, also, *Hill* v. *Smith*, 34 Vt. 535, 544. Under the new agreement the promise of the defendant to pay the deductions was conditional. Alderman was required to perform the condition precedent of working through the summer before liability arose on the promise which the condition qualified. Inasmuch as the failure to perform was brought about by his own voluntary act Alderman could not recover and the plaintiff who succeeded merely to his rights is likewise barred. *Thompson* v. *Prouty,* 27 Vt. 14, 17; *Jarvis* v. *Rogers,* 3 Vt. 336, 339; 2 Williston on Contracts, sec. 666a; 17 C. J. S. 937, sec. 456.

*Judgment affirmed.*