## City of Montpelier v. Carroll Duranleau, d/b/a Duranleau Construction Company

[485 A.2d 1269]

No. 83-561

Present: Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed November 30, 1984

238

*McKee, Giuliani & Cleveland*, Montpelier, for Plaintiff-Appellee.

*Joseph C. Palmisano* and *Raymond J. Obuchowski*, Barre, for Defendant-Appellant.

**Peck, J.** The City of Montpelier (plaintiff) instituted this action against the Duranleau Construction Company (defendant) alleging breach of a 1977 construction contract by the latter. After trial by court, judgment was entered for the plaintiff to recover damages in the amount of $1882.60. Defendant filed a timely appeal; we affirm.

Under the terms of the contract, defendant agreed to construct the so-called Dog River Recreation Field owned by the plaintiff. Paragraph 14 of the contract, relied on by plaintiff in its complaint, provided in part: "All work shall be performed in accordance with the contract documents . . . ." By express reference in the contract itself, the materials for the work were to be as noted on the plans, which, among other requirements, called for the conductor to the lighting system to be encased in a two-inch galvanized conduit. The specific breach alleged was defendant's failure to comply with this requirement. Plaintiff claimed that, as a result of this deficiency, the line became bent and the lighting system failed.

Upon being notified of the failure and requested to repair or replace the deficiency at its own expense, defendant refused, pointing out that its obligation to do so was limited, by the express terms of the contract, to a period of one year from the date of final acceptance of the work by plaintiff. Thereafter,

plaintiff employed a second contractor to repair the defect. The cost of the repair was the measure of the plaintiff's ad damnum and of the court's award.

The trial court found that defendant's failure to install the conduit as called for by the plans and specifications "was a breach of the contract." The court found also that "[t]he repair work by [the second contractor] was reasonable and necessary to correct the faulty conduit problem."

The sole issue raised by defendant on appeal is its claim that plaintiff failed to prove a prima facie case. It contends there were two essential elements raised by plaintiff's complaint for which proof was required. It concedes that the first element was established; accordingly there is no need to explain or discuss it here. Secondly, defendant argues that plaintiff relied exclusively on the time limitation clause* in the contract referred to above, and thereafter failed to show that demand for repair or replacement of the defect was made within one year of the date of its acceptance of the work.

As far as it goes, defendant's claim is correct. In its findings of fact the trial court stated: "The Court is . . . unable to find what the date of final acceptance by the City was." Plaintiff does not challenge this finding. Nevertheless, the claim that plaintiff relied *exclusively* on defendant's obligation to repair or replace ignores the complaint as a whole. The plaintiff incorporated other provisions of the contract in its complaint which recited the pertinent work responsibilities of the defendant. Thereafter, the plaintiff alleged facts which were sufficient to establish a breach of defendant's work responsibilities under the contract, regardless of any breach resulting from its subsequent refusal to correct the deficiencies.

■■ The court found that defendant breached the contract by its failure to install the conduit. Neither this finding nor the supporting evidence are challenged by the defendant. Therefore, it is clear that, in the absence of proof by the plaintiff of the acceptance date, the breach could not be based on defendant's refusal to repair or replace the defect person-

---

* The time limitation clause of the contract reads in its pertinent part: "Upon proper notice by the Owner, the Contractor will repair or replace at his own expense any defective portion of the project within one year from the date of final acceptance . . . ."

240

ally. As far as the evidence shows, the requisite notice was not given within the time specified. This was a condition precedent to defendant's personal obligation. *Wakefield* v. *Champlain Marine Co.*, 111 Vt. 243, 245, 13 A.2d 183, 184 (1940). Nevertheless, defendant's initial obligation to perform the work itself as specified in the contract is independent of the conditional duty it may have had to remedy any defects personally. If two covenants in a contract are independent of each other, an action may be maintained for the breach of one covenant although the other may be, or have become, unenforceable. See *Sherwin* v. *Rut. & Bur. Rail Road Co.*, 24 Vt. 347, 349–50 (1852). We hold that the complaint, although inartfully drawn, was sufficient to sustain an action for breach of the contract based on defective workmanship.

*Affirmed.*