# REPORTS.

## CHITTENDEN COUNTY.

### JANUARY TERM, 1842.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
"   JACOB COLLAMER,   ⎫
"   ISAAC F. REDFIELD,  ⎬ *Assistant Justices.*
"   MILO L. BENNETT,  ⎭

### CHARLES ADAMS *v.* THOMAS CLARKE.

A guaranty that a note, payable at a future day, " is due and that the maker has nothing to file against it," is to be considered as referring to the time when the note arrives at maturity.

The statute of limitations does not commence running on such guaranty until the note becomes due.

ASSUMPSIT, on a warranty contained in the following contract,—' New York July 30, 1828. Three years after date ' I promise to pay Thomas Clarke or order two hundred dol- ' lars, value received, with interest from date at six *per cent.*

        ' SAMUEL HOFFMAN.

'  ' I have this day sold the note of which the above is a co- ' py to. Charles Adams, to be collected for his own use and ' benefit, and at his own expense, and I warrant that said Hoff- ' man has nothing to file in against, it.' Burlington, Janu- ' ary 14, 1829.

        ' THOMAS CLARKE.'

VOL. IV. W. R. IV.     2

CHITTENDEN,
January,
1842.

Adams
v.
Clarke.

The breach assigned in the declaration is as follows ;—
' Yet the said Thomas has not kept his said promise, but the
' said note was without consideration and fraudulent and
' when the same came to maturity could not be collected of
' said Hoffman, by reason of a valid defence which said Hoff-
' man had against said note, of all which said Thomas had
' notice.'

The defendant pleaded that the cause of action did not
accrue within six years next before the commencement of
this suit.

Issue was joined to the court.

The action was commenced on the sixth day of July, 1836.
On the trial in the county court, the plaintiff read in evi-
dence the contract declared upon, and, on this evidence, the
county court decided that the cause of action did not accrue
at any time within six years next before the commencement
of this suit and rendered judgment for the defendant to re-
cover his costs.

The plaintiff excepted to the decision of the county court.

*Plaintiff pro se.*

The plea of the statute of limitations cannot prevail, un-
less a right of action necessarily accrued on the sale and
transfer of the note.

It is evident that the contract in question is not to be con-
strued literally. The word, *due*, in this warranty, does not
mean that the sum specified was then demandable, for that
would be in opposition to the language of the note, it having
almost three years to run. Neither can there be any thing
*to file in* against a demand not then due. A counter claim
is not a set off and only becomes so on being pleaded to a
suit brought.

The parties were not looking to a state of things as *then
existing*, but to the time set for the payment as the limit of
the contract. The plain meaning is that the amount of the
note should be *recoverable* at maturity, and that no set off
should be effectually pleaded.

The existence of a counter claim by the maker against the
payee, at the time of the indorsement, would not create a
right of action immediately against the indorser. The claim
might be extinguished by the payee before the note fell due,

or the maker might not choose to plead it, and in either case all objections to a recovery on the note would be removed.

In the case of a blank indorsement, if, on a suit by indorser against the maker, a counter claim against the payee should be filed as a set-off and prevail, the indorser would unquestionably be liable, but no such claim would create a right of action on the indorsement. There can be no difference in the legal effect between a blank indorsement and this special indorsement, so far as regards the subject matter of this warranty.

Had the note been *void,* as for forgery, usury, want of stamp, &c., an action might have been maintained instanter, not on the special indorsement, but on the implied contract that the paper was what it purported to be, a *valid note.* A note *void* for usury, forgery, want of stamp &c., would be no payment, and, on the transfer, a right of action would accrue immediately for the goods sold or for the antecedent debt. *Markle* v. *Hatfield,* 2 Johns. 455. *Copp* v. *McDugall,* 9 Mass. 1. *Swartwout* v. *Paine,* 19 Johns 294. *Wilson* v. *Vysar,* 4 Taunt. 288. *Jones* v. *Ryde,* 5 Taunt. 488. *Fuller* v. *Smith,* 11 Com. Law 366. *Eagle Bank* v. *Smith.* 5 Conn. 71.

But this right has never been extended beyond *void* instruments and not always to those if the objection was unknown to the party transferring it. *Price* v. *Neal,* 3 Burr. 1354. *Bree* v. *Holbeck,* 2 Doug. 655. *Smith* v. *Mercer,* 6 Taunt. 76. *Bank U. S.* v. *Bank Geo.,* 10 Wheat. 333.

In this case the note was not *void* and no objection existed against it as a note, but the plaintiff could not recover on the note at maturity *by reason of a valid defence which said Hoffman had against said note.*

There is a clear distinction between this case and that of *Smith* v. *Bishop,* 9 Vt. and the cases there cited. In those cases the contract related to the *then* state of things, but in this case it looked to a future event, the time limited for the payment of the note.

*A. G. Whittemore,* for defendant.

The gist of the complaint, in this case, is, that Clarke promised the note was *due* and *owing* when it was *not due and owing,* because of the want of consideration. The cause of action therefore accrued on the 14th January,

1829, and the statute of limitations commenced running at the same time, and as this action was not commenced until the 6th July 1836, the statute is well pleaded. *Battley* v. *Faulkner*, 5 Com. L. 288, in 1820. *Short* v. *M'Carthy*, 5 Com. L. 403. *Howell* v. *Young*, 11 Com. L. 219. *Brown* v. *Howard*, 6 Com. L. 25. *Miller* v. *Adams*, 16 Mass. R. 456. *Mather* v. *Green*, 17 Mass. R. 60. *Hall* v. *Tomlinson*, 5 Vt. R. 228. *Smith* v. *Bishop*, 9 Vt. R. 110.

If the plaintiff relies upon the breach of that part of the undertaking which assumed that Hoffman had nothing to file in against the note, he should have stated *what* Hoffman had to file in, that the court might judge of its legality. Indeed he should have assigned a breach particularly, but no breach of that clause is assigned.

But if the declaration is thought to be good, then we insist that both clauses of the promise, being in the present tense, were violated the moment the note was delivered and that the plaintiff might immediately have sued and that the statute commenced running at that time. The promise is that Hoffman (then) had nothing to file in against the note. Now if Hoffman at that time *had something to file in*, the promise was then broken, and the plaintiff might have commenced his action the next day if he had chosen so to do.

It is like the covenant of seizin, or of title, or against incumbrances, which is broken on the delivery of the deed, if the grantor had no seizin or title. It has been decided, in this court, that in such cases, the statute begins to run on delivery of the deed. *Pierce* v. *Johnson*, 4 Vt. R. 247. *Prescott* v. *Truman*, 4 Mass. 627. It is not like the covenant of warranty in which the grantor undertakes that he will defend the grantee when ejected.

This is not a promise that Clarke will *defend* the plaintiff against all lawful claims which might be filed in against the note, but it promises that there *are* no such claims.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This action is assumpsit on a guaranty, to which there is a plea of the statute of limitations. The action was commenced July 6, 1836. The question is, at what time the cause of action accrued on the contract of

guaranty, and this depends on the construction to be given to the contract, and no aid is to be derived from the declaration in giving the construction.

On the 30th July, 1828, Samuel Hoffman executed a note to the present defendant, payable to him, or order, three years after date, and on the 14th of Jan., A. D. 1829, the defendant sold the note to the plaintiff, and gave him a warranty that the note was due and that said Hoffman had nothing to file in against it. If the cause of action accrued at the date of the warranty, more than six years had elapsed before the commencement of this suit. If it did not accrue until the note was payable, six years had not elapsed.

The whole of this contract is to be considered together, and is not to be treated as two distinct and separate undertakings; although on either branch of the undertaking we apprehend the result would be the same. The word *due,* sometimes means a present debt, though not payable then, as *debitum in presenti, solvendum in futuro.* More generally it has reference to the time of payment, particularly as applied to notes either negotiable or not. Thus we speak of notes over due, or that they will be paid when due. It is said " money is due at the expiration of the credit given, or at the period promised." The contract here is not only that it is due, but that Hoffman has nothing to file against it, and this must refer to the time when a suit could be instituted thereon ; for, until then, it could not be ascertained or determined whether Hoffman had any claims to *file* against it, or not. The meaning of this contract is, that the note shall be paid when due, or that the present plaintiff should be able to maintain a suit and recover judgment thereon when at maturity, without any defence on the part of Hoffman, either by plea in offset or otherwise, and is equivalent to a warranty that it is due and collectable. Such a warranty, in Connecticut, and according to the decision made in *Foster* v. *Barney,* 3 Vt. R. 60, imposes on the holder the duty to commence a suit thereon in order to determine whether it is due and whether Hoffman has any thing to file against it, or, at least, to use due diligence to collect the note of him. It is true it is no answer to a plea of the statute of limitations that the party was ignorant of his cause of action. But this is of no importance in the case under consideration, as, on the view

CHITTENDEN,
January,
1842.

Adm'r of
Nye
v.
Estate of
Manwell.

we take of the contract, we think the parties contemplated a future period for the guaranty to take effect, and the writing itself has reference only to the time when the note should become due and payable.

If there was any fraud in passing off the note, or if it was a forgery, or wholly void, so that no money could in any event be had thereon, the defendant might have been liable to the plaintiff instanter, but not in an action counting on the guaranty. The judgment of the county court is therefore reversed.