JOSEPH ZIHLMAN *vs.* THE CUMBERLAND GLASS COMPANY OF ALLEGHANY COUNTY.

*Action on Contract under Seal against a Corporation—Failure to Plead non est factum—Plea of Payment—Evidence—Corporate seal—Parol proof—Secs. 76 and 77 of Art. 11 of the Code of Pub. Local Laws—Defence on Equitable grounds under Act of 1888, ch. 547.*

In an action for the breach of an agreement under seal, where no plea of *non est factum* was interposed, and the case was tried upon issue joined upon the plea that the defendant had satisfied and discharged the plaintiff's claim by payment, it was HELD:

That the plea of payment admitted the execution of the agreement, and the same was admissible in evidence without formal proof of its execution.

Where it is competent for a corporation to bind itself by a contract under its corporate seal, the fact that it did so may be proved otherwise than by a formal resolution in writing of its board of directors, spread upon its minutes.

Sealing is the essential part of the execution of the contract by the corporation, and the essential facts to be proved are, that the seal affixed to the instrument was in fact the corporate seal of the company, and that it was duly and properly affixed thereto; and these essential facts may be proved by parol.

Whether a ruling on a demurrer adverse to the party not appealing, is embraced within secs. 76 and 77 of Art. 11 of the Code of Public Local Laws, making it obligatory upon the Circuit Court for Frederick County to decide questions, *Quœre?*

A plea pleaded as a common law defence to an action for the breach of a contract under seal, for the use of a certain patent which seeks to vary and contradict not only the express terms of the patent, but those of the sealed contract itself, by verbal proof, and by a verbal agreement made before the contract sued on was executed, and by a verbal agreement or understanding made subsequently thereto, presents no legal defence to the action, and is bad on demurrer.

Zihlman *vs.* Cumberland Glass Co.

What would be its effect if the plea had been pleaded as a defence on equitable grounds, under the law of 1888, ch. 547, (Art. 75, sec. 83 of the Code.)    *Quære?*

A plea pleaded as a defence on equitable grounds under the Act of 1888, ch. 547, must begin with the words: "For defence on equitable grounds," or words to the like effect.

APPEAL from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

The cause was argued for the appellant before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J., and submitted on brief for the appellee.

*David W. Sloan,* and *Benjamin A. Richmond,* (with whom were *Milton G. Urner,* and *C. O. Keedy,* on the brief,) for the appellant.

Under the pleadings it was error to exclude the agreement, and it was admissible without proof of its execution. The plea of payment alone admitted the execution of the agreement sued on. It is an invariable rule that all pleading in confession and avoidance admits all matters well pleaded in previous pleadings. *Parr vs. State,* 71 *Md.,* 231; *Johnson vs. Phila., Wilm. & Balto. R. R.,* 63 *Md.,* 111.

There was no plea of *non est factum,* and the plea of payment was in confession and avoidance. It admitted the execution of the agreement declared on, but alleged its performance. When such is the state of the pleading no proof of execution of the agreement is necessary. This has been expressly so ruled in Maryland. *Burtles vs. State, use, &c.,* 4 *Md.,* 278; 1 *Chitty's Pleading,* 483, and note; *Gardner vs. Gardner,* 10 *Johnson,* 47; *Legg vs. Robison,* 7 *Wend.,* 194.

But apart from these plain, well settled principles of pleading, the offer was covered by our statute, which

makes proof of the execution of such papers alleged and filed in evidence unnecessary, unless their execution is denied by the next succeeding pleading. *Act of* 1888, *chap.* 248.

Here the execution of the agreement was not denied, but on the contrary was admitted by the isolated plea of payment.

But if it was incumbent on the plaintiff to prove its execution, the Court was clearly wrong in excluding the proof of execution set out in the second bill of exception. The learned Court excluded it because the agreement was "not proved by a formal resolution of the board of directors in writing, spread upon the minutes, and by a copy of those minutes," notwithstanding the offer to show that the contract was not made by a formal resolution in writing, and that no minutes of the meeting were kept. Whatever may have been the rule of some Courts in the early days of corporations, the doctrine that a corporation can only bind itself in matters under seal by formal resolution, in writing, by the board of directors, has been long since exploded, both in England and America, and especially in the State of Maryland. From among a host of cases to that effect the following is absolutely conclusive of the question: *Susquehanna Bridge & Bank Co. vs. Gen'l Ins. Co.*, 3 *Md.*, 306.

The mortgage in the above case was not made by a formal resolution of the board, and the evidence of affixing the corporate seal fell far short of the regularity of that offered in our second exception. *Northern Cen. R. R. Co. vs. Bastian*, 15 *Md.*, 494; 1 *Morawetz on Corp.*, secs. 339, 340.

In *Union Bank of Md. vs. Ridgely*, 1 *H. & G.*, 324, which presented the question whether so serious and solemn an act as the adoption of by-laws by a corporation, could be done other than by formal resolution in writing, Chief Justice BUCHANAN in an exhaustive opinion

reviews all the cases in England and America, and declares that it does not require a formal resolution in writing; and second, that the adoption of the by-laws could be proved apart from the minutes, or even be inferred from acts. *Union Bank vs. Ridgely*, 1 *H.. & G.*, 412–419 *to* 429; *U. S. Bank vs. Dandridge*, 12 *Wheaton*, 64.

*William P. Maulsby, Jr.*, and *J. A. McHenry*, for the appellee.

MILLER, J., delivered the opinion of the Court.

This is a suit by the appellant against the appellee, a body corporate, for breach of a *sealed* agreement between them, dated the 1st of January, 1886, by which the corporation agreed to pay to the plaintiff a certain royalty for the *use* of a patent which had been granted to him for an improvement in the method of making tumblers and other articles of glassware. The royalty agreed to be paid was "one cent on each and every dozen of tumblers, or other glass articles cut, ground, smoothed, operated or finished by° means of said improvement whilst so used or operated" by the corporation. The case was tried before a jury, and the result was a verdict and judgment for the defendant, and the plaintiff has appealed.

Two exceptions were taken by the plaintiff which involve the same question, *viz.*, the admissibility in evidence of the sealed contract sued on. In the first, the plaintiff having offered evidence tending to show the number of dozens of tumblers and other glass articles, the company had manufactured during the year 1889, by means of this patented improvement, then offered in evidence the contract in question, but. upon objection by the defendant, the Court refused to allow it to be read to the jury. We think there is error in this ruling. The declaration sets out the substance of the agreement, which, on its face, purports to be signed and sealed by the plaintiff and to

have affixed to it the corporate seal of the defendant. It also purports to be signed and sealed by a number of other parties, who, according to the offer of proof in the subsequent exception, were, together with the plaintiff, the holders of all the stock of the company, and one of them was its secretary and treasurer and the custodian of its corporate seal.

Now, it seems to us clear that *upon the pleadings* this contract was admissible in evidence without formal proof of its execution. So far as the record shows, no plea of *non est factum* was interposed, and if there was such a plea it was *withdrawn* before the trial, and the case was tried upon issue joined upon the plea that the defendant had satisfied and discharged the plaintiff's claim *by payment* before suit brought. This was the state of pleadings under which the ruling in question was made. The declaration averred the execution of the sealed contract. The plea of payment admits its execution according to the well settled rule that every pleading is taken to confess such traversable matters alleged on the other side as it does not traverse. *Johnson vs. Phil., Wilm. & Balto. R. R. Co.*, 63 *Md.*, 111; *Parr, et al. vs. State, use of Cockey*, 71 *Md.*, 232. Moreover, the very question now before us was decided in *Burtles vs. State, use of Turner*, 4 *Md.*, 278. In that case the suit was on a constable's bond, and was tried on issue joined on the plea of *general performance.* The Court held that this plea admitted the proper execution of the bond and all the prerequisites, and said: "Had the defendant designed to avail himself of any supposed irregularity in the execution of the bond, he should have done so by a plea of *non est factum.*" It seems clear, therefore, in this state of the pleadings no proof of the execution of the agreement was nec ess ary in order to allow it to be read to the jury. This renders it unnecessary to decide whether the case is also covered by the Act of 1888, ch. 248, *Code, Art.* 75, *sec.* 22, *sub-sec.* 108.

In the next exception the plaintiff undertook to prove the execution of the agreement, and for that purpose offered to prove that all the persons whose names are signed thereto were stockholders of the company, and holders of all the capital stock thereof; that the board of directors consisted of three, *viz.*, the plaintiff, who was the president of the company, Anthony Zihlman, and L. A. Fletcher, the latter of whom was its secretary, treasurer, and custodian of its corporate seal; that at a meeting of the directors the contract was signed by Anthony Zihlman and L. A. Fletcher on behalf of the company; that by authority of the board of directors at this meeting the corporate seal of the company was there and then affixed to the contract by the secretary, and that the impression of the seal used on the contract is the corporate seal of the company, adopted and used as such by it at that time; that the directors usually held their meetings for the transaction of the ordinary business of the company without making or keeping any minutes of their proceedings; and that no minutes of the meeting at which this contract was signed and sealed as aforesaid were made or kept by the company or any of its. agents or officers. But upon objection made the Court refused to allow the plaintiff to offer any of said matters in evidence to the jury.

We think this ruling was also erroneous. In our opinion it was competent for this corporation to bind itself by this contract under its corporate seal, and that the fact that it did so may be proved otherwise than by a formal resolution in writing of its board of directors spread upon its minutes. Sealing was the essential part of the execution of this agreement by the corporation, and the essential facts to be proved are that the seal affixed to this instrument was in fact the corporate seal of the company, and that it was duly and properly affixed thereto. The offer to prove this by parol evidence is

clear and satisfactory. It is that the seal affixed, was the corporate seal of the company then used and adopted by it as such; that it was affixed in the presence and by the authority of the full board of directors, by their secretary, who was its custodian; and that it was also signed by all the then stockholders of the corporation; and that it was signed by Anthony Zihlman and Fletcher for and on behalf of the company. It is hardly possible to conceive of more complete proof of the execution of a sealed instrument by a corporation than this, provided such proof may be made by parol testimony. We have already said that in our opinion such testimony may be used for that purpose. The old doctrine that a corporation can bind itself by contract only by a formal resolution *in writing* adopted by its board of directors has long since been repudiated by the modern decisions, both in England and in this country, and no authority on that subject need be cited. We cannot distinguish this case from that of *Susquehanna Bridge & Bank Co. vs. General Ins. Co.*, 3 *Md.*, 305, where the execution of a *mortgage* by the appellant corporation was proved by parol testimony less strong than that embraced in this offer, and where the mortgage was held valid and binding upon the corporation.

For these errors the judgment must be reversed and a new trial awarded. Having thus disposed of all the exceptions taken by the appellant, the authority of this Court over the appeal, would in most cases, cease. But the Court below sustained a demurrer to the defendant's second plea. This was a ruling adverse to the appellee, and as the appeal comes from the Circuit Court for Frederick County, it is insisted that by the local laws for that county, it is made obligatory upon this Court to decide this question. The local law relied on is found in the Code of Public Local Laws, *Art.* 11, *secs.* 76 *and* 77. It may well be doubted whether these sections embrace the case of a ruling on demurrer adverse

to the party not appealing. But assuming that they do, we have no difficulty in affirming the correctness of this ruling.

The second plea avers in substance, 1st. That the invention for which the patent was issued in 1879, was made and the patent procured, by the joint labor, efforts and expense of the plaintiff and his brother, Anthony, and the patent was issued in the name of the plaintiff for convenience, and for the equal benefit of each, and that from the time of its issue to the present Anthony has received from the defendant and others who have used the patent, one-half of the royalties agreed upon for its use. 2nd. That when the defendant company was organized in 1883, (the plaintiff and Anthony, then, and ever since holding a majority of its capital stock,) the plaintiff had a *verbal agreement* made in his own name with the company, that it should pay one cent per dozen for all glassware finished by this patent process, as royalty, one-half of which was to be paid to the plaintiff, and one-half to Anthony, as equal joint owners of the patent. 3rd. That *subsequently* the sealed contract sued on was made in the name, *for the use and equal benefit* of the plaintiff and Anthony, and that under and by virtue of said *first agreement* and the agreement sued on, the defendant paid one-half of the royalty earned by the patent to the plaintiff down to the time of bringing this suit, and the other half to Anthony, according to the *understanding* between the defendant, the plaintiff, and said Anthony, and by the direction and approval of the plaintiff.

This plea is pleaded as a common law defence to an action on a contract under seal. It seeks to vary and contradict not only the express terms of the patent, but those of the sealed contract itself, by verbal proof, and by a *verbal agreement* made *before* the contract sued on was executed, and by a verbal agreement or *understand—*

*ing* made subsequently thereto. That this is no *legal defence* to the action seems to us too clear for argument. It is simply a matter of which a Court of equity alone has cognizance. What would be its effect if this plea had been pleaded as a defence on equitable grounds, under the recent law of 1888, ch. 547, codified in *Art.* 75, of the *Code, sec.* 83, is clearly a matter not before us, and it would be highly improper to express any opinion on the subject, as the question has not been argued by counsel for the appellant. The law referred to expressly provides that such a plea *shall begin* with the words "For defence on equitable grounds," or words to the like effect. There are no such words at the commencement of this plea, and we must affirm this ruling.

> *Judgment reversed, and*
> *new trial awarded.*

(Decided 16th June, 1891.)