# GEORGE K. McGAW, CHARLES F. DAVIS AND JOHN B. RAMSAY, CO-PARTNERS, TRADING AS McGAW, DAVIS & COMPANY, *vs.* JOSEPH B. HANWAY.

*Principal and factor: title to goods, when—; passes on delivery, etc.*

Where goods are delivered to a party to be sold by him for the shipper, it creates the relation of agency, and the title remains in the principal; the factor or agent is not liable for a particular price, but is only liable to account for the proceeds when sale is made. p. 200

If the intention of the parties, to be gathered from the whole agreement, is that the title should pass to the party receiving the goods for a price, then the transaction is a sale. p. 200

In construing contracts, the intention of the parties, gathered from all the items taken together, must prevail, unless inconsistent with some rule of law. p. 200

Certain canned goods were shipped to certain brokers under an agreement that they should advance the shipper $1.50 a case; and, in addition, when the goods were sold, that they should pay the shipper all that they might receive from the sale over $1.50 a case, less certain costs, interest and brokerage; in such a case the transaction was held to be a sale, and the title to the goods passed by delivery to the broker. p. 201

The mere presence of the words "consignment" and "advances" in such a contract does not necessarily import the relation of principal or factor. p. 202

Where such a contract provides that the shipper is to receive one-half of the excess, etc., the implication is that the other party will receive the other half. p. 201

One of the fundamental rights of a principal who has sent goods to a factor to be sold is the right to have the goods returned to him, if demanded before sale, subject to repayment of any advances made, with interest and necessary expenses. p. 202

*Decided April 8th, 1913.*

Appeal from the Superior Court of Baltimore City (AMBLER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Frank Gosnell, Jr.*, and *Frank Gosnell* (with a brief by *Marbury, Gosnell and Williams*), for the appellant.

*Thomas H. Robinson* and *Shirley Carter* (with whom was *Richard Dallam* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This appeal is from a judgment upon a demurrer to one of the counts in a declaration filed in a suit by the appellant against the appellee. The other counts of declaration were withdrawn after the ruling upon the demurrer, thus presenting only the question of the correctness of such ruling.

The count in question is as follows:

> "And for that the plaintiffs and defendant entered into a contract in writing, which is in words and figures as follows:
>
> " 'GEO. K. McGAW. CHAS. T. DAVIS. J. B. RAMSAY.
>
> McGAW, DAVIS & Co.,
>
> *Brokerage and Commission.*
>
> *Canned Goods and Canners' Supplies.*
>
> *Pointer Brand.*
>
> BALTIMORE, MD., December 11th, 1907.
>
> I have this day consigned to McGaw, Davis & Co., about three thousand cases No. 3 Standard Tomatoes

of E. J. Bell's 1907 packing 2,000 cases in Crossmore & Rittenhouses's warehouse at Bradshaw, Md., and 775 cases in Balto. & Ohio R. R. warehouse at Bradshaw, Md.—the above goods to be loaded F. O. B. cars at Bradshaw, Md.

In consideration of the above consignment McGaw, Davis & Co. agree to advance 75c. per dozen or $1.50 per case cash less 1½% on the above named (about) 3,000 cases, and furthermore when goods are sold by McGaw, Davis & Co., they to pay J. B. Hanway one-half of all over the 75c. per dozen or $1.50 per case that they may receive from the sale of these goods, after deducting all expenses—interest on advance, insurance, storage, brokerage, &c. Advance to be made after examination and counting of the goods in the above places, $1,000.00 spot cash, and balance January 15th, 1908, either in cash or a 60 days' note, at McGaw, Davis & Co.'s option.

J. B. Hanway,
McGaw, Davis & Co."

That in pursuance of the foregoing contract, the defendant delivered to the plaintiffs the tomatoes therein mentioned, and the plaintiffs advanced to the defendant the sums of money so agreed to be advanced; and that the said tomatoes were in the year 1911 sold by the plaintiffs at the market prices, and that after deducting from the proceeds of said sale all expenses attending the same, interest on the advances so made, insurance, storage, brokerage, etc., the net proceeds of said sale did not amount to the said advances on said tomatoes by the sum of $2,287.43, and that the plaintiffs demanded from the defendant to refund to them one-half of said deficit, to wit, $1,143.71, but that the defendant has refused and still does refuse to pay the same.

The question raised is whether the contract is a contract of sale, or a consignment of goods by a principal to a factor. If a contract of sale then, of course, the appellee is not liable for any loss sustained by the appellants on account of

the goods. If a contract between a principal and a factor, the appellant's claim that the appellee is liable to them for any deficit arising from the sale of the goods. In other words, if the proceeds of the sale are insufficient to meet the advances, commissions and expenses, then the principal must reimburse the factor for the balance.

The learned judge below, in sustaining the demurrer, held that the contract was one of sale.

Ordinarily the distinction between the relation of seller and buyer, and that of principal and factor is plain and simple. In a sale title passes to the buyer, while in a consignment by principal to a factor title remains in the principal, but the possession passes to the factor. Where goods are delivered by one party to another, to sell for the party delivering them, it creates the relation of agency, and the title remains in the principal, and the factor or agent is liable to pay, not a price, but to account for the proceeds of the goods when sold. If, however, it appears from the whole agreement that it is the intention of the parties that the title to the goods is to pass to the party receiving them, for a price to be paid by him, then the transaction is a sale. 31 *Cyc.* 1198. Though the distinction is usually plain and simple the authorities are full of illustrations of how difficult the application may be, because the same contract contains some provisions characteristic of each. To the agreement there must be applied the familiar rules of construction, all of which are subordinate to the leading principle, that the intention of the parties must prevail, unless inconsistent with some rule of law. And this intention must be gathered not from separate clauses considered independent of others, but from all the terms of the contract considered together.

Passing of title being the cardinal difference between sale and the relation of principal and factor, does the true construction of the contract in question show that the title to the canned goods was transferred from the appellee to the appellants, or did only possession pass, with a lien, however,

for advances? The contract provides that goods of a certain quality and quantity were to be loaded free on board the cars by the appellee and were consigned to the appellants. In consideration of that, after examination and counting by the appellants they, appellants, were to advance one dollar and fifty cents per case cash, less 1½ per cent., payable one thousand dollars spot cash, and balance in about a month from date of signing contract, in cash or a sixty days' note. Further the appellants were to pay appellee one-half of all over one dollar and fifty cents per case they received for the goods when sold, after deducting all expenses, that is interest in advance, insurance, storage, brokerage, etc.

By those terms it was fixed that the appellee was to receive one dollar and a half per case and one-half of all above that amount that the goods sold for, less the expenses. And it is equally clear that the appellants were entitled to the other one-half of the excess. The appellants contend that the appellee was entiteld to the whole of the excess, for the reason that the contract is silent as to where the other half was to go, and since the property was in the appellee he would have been entitled to both halves. We can not entertain seriously that condition. While the contract is silent as to who should be entitled to this half of the excess, it is clear beyond all controversy that the intention of the parties was that one-half should go to the appellee and that the appellants should retain the other half. In order to arrive at what amount over one dollar and a half a case the appellee should become entitled to, the appellants were to charge against the proceeds of the sales the expenses of handling the goods together with brokerage. In this way they were receiving a brokerage and were in addition receiving a profit from the proceeds of the sale. In our opinion this gave them a property in the goods entirely inconsistent with that existing in the relation of principal and factor. The parties could not have meant it to be for extra compensation for acting as factor, since the method they were to use to reach this

net surplus included a computation of brokerage and the agreement presents no reason for extra compensation.

One of the fundamental rights of a party, who has put goods in possession of a factor for sale, is the right to have the goods returned to him, if demanded before sale, subject to the repayment to the factor of advances made upon the goods, interest on same, and necessary expenses. Under the terms of this contract would the appellee, before sale was made by the appellants, upon the tender of the amount of the advances and interest and expenses, have been entitled to a return of the goods? We think it is clear he would not, for the appellants had acquired an interest in the goods which amounted to title. The appellee had parted with all control over the goods and the appellants could sell when they pleased, to whom they pleased, at what price they pleased and on what terms they pleased.

The appellants claim, that by the use of the words "consignment" and "advance", the parties had only in mind the creating of agency. We think the terms of the whole agreement show that they could not have meant to import that meaning to the words. The use of the word *advance* at times imports loan rather than payment, but from the context of this agreement it surely was used to mean a partial payment of the price the appellee was to receive. "Agree to advance 75c per dozen of $1.50 per case * * * and furthermore when goods are sold by McGaw, Davis & Co., they to pay J. B. Hanway, etc". The agreed price was a dollar and a half a case plus half the surplus. Though this amount was advanced, it was only in payment of the amount then ascertained.

We are of the opinion that the title to the property had passed to the appellants, and therefore the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*