## JOHN SWANSON, Appellant, v. L. E. SPENCER, Respondent.

### Kansas City Court of Appeals, February 2, 1914.

1. **CONTRACTS: Real Estate: Payment of Special Taxes.** The plaintiff entered into a written contract on August 31, 1911, to buy some property from the defendant, and he now sues after the completion of the deal to recover $133.30, the first installment of a special tax bill, which was issued three days before the date of the contract, but which first installment was not payable until June 30, 1912. The contract provided that the seller should pay all taxes, except all taxes not now due and payable. *Held*, that the tax bill could not be classed with the obligations the contract imposed on the principal defendant.

2. **DEFINITIONS: Due.** The word "due" is used to express the mere state of indebtedness and then is an equivalent to owed or owing; and it is sometimes used to express the fact that the debt had become payable.

3. ———: **Payable.** The word "payable" when used in business transactions means that which is to be paid rather than that which may be paid.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson*, Judge.

AFFIRMED.

*Jamison, Hutchison & Ostergard* for appellent.

*Metcalf, Brady & Sherman* for respondent.

JOHNSON, J.—On August 31, 1911, plaintiff entered into a written contract with Thomas D. Sipple for the purchase of certain real estate in Kansas City at the price of $4450, and on that date paid $250 on the purchase price to defendant, who was the agent of Sipple. There were two mortgages on the property amounting, with interest, to about $4000, and the sale was made subject to them. There were also due and unpaid city taxes amounting to thirteen dollars, and a special tax bill of $347.60 for street paving had been issued three days before the date of the contract. The total amount of all these liens was $4333.30.

The sale was consummated by the delivery of a deed executed by Sipple conveying the fee simple title to plaintiff subject to the mortgages. Before this was done plaintiff paid the taxes, including the special tax bill and when he and defendant met to close the sale he claimed the contract made it the duty of Sipple to pay all of these taxes and that in paying them he had overpaid the purchase price in the sum of $133.30. He demanded reimbursement from defendant out of the down payment of $250 which he regarded as a deposit defendant was holding as trustee. Defendant refused the demand and this suit was brought by plaintiff in a justice court to recover the amount of the alleged overpayment. A jury was waived in the circuit court and after hearing the evidence introduced by plaintiff (defendant offered none) the court rendered judgment for defendant and plaintiff appealed.

The pivotal question is whether or not the contract imposed the duty on Sipple to pay the special tax bill. If it did plaintiff would be sustained in his contention that he paid $133.30 in excess of the purchase price. If it did not he has failed to pay the purchase price in

full and could have no cause of action against defendant.

The solution of this question depends on the interpretation of a clause in the contract which, following provisions for the delivery and examination of an abstract of title, provided that if "it is found that the seller has a good title in fee to the property he agrees upon the receipt of the remainder of the full consideration as hereinbefore set forth to deliver to the buyer or order, a good and sufficient deed thereto, duly executed, conveying good title to the property, free and clear of all taxes and encumbrances whatsoever now thereupon except all taxes not now due and payable."

Plaintiff contends the special tax bill was "now due and payable" on the date of the contract which, as stated, was three days after the tax bill was issued. Defendant's position is that it was not due and payable at that time and, therefore, should not be included with the obligations the contract required his principal to discharge.

At the trial the court announced that the parties had agreed "that the tax bill in question was issued or bears the date of issue of August 28, 1911, and was in four annual installments—the first installment payable June 30, 1912; and if the first installment was not paid at that time, then all the tax bills became due and collectible, and bore interest from the date of issue; that it was payable at any time after the date of issue, but its payment was not enforceable. Now, as to the payment of it—it was payable from the date of the issue— at any time after the date of the issue, but its payment was not enforceable until there had been a default in the payment of an installment."

Plaintiff was permitted to testify to facts which tend to show that at the time of the consummation of the sale, defendant acquiesced in his interpretation of the contract and the rule is invoked that "where the

language used by the parties to the contract is indefinite or ambiguous and hence of doubtful construction, the practical interpretation by the parties themselves is entitled to great, if not controlling influence." [Chicago v. Sheldon, 9 Wall. 1. c. 54; Austin v. Shipman, 160 Mo. App. 206; Luscher v. Mayflower, 173 Fed. 1. c. 857; Fitzgerald v. Bank, 114 Fed. 475; Donovan v. Boeck, 217 Mo. 70.]

We think this rule is without present application for two reasons, viz., first:   There is no ambiguity or uncertainty in the language of the contract, which clearly evinces that the phrase "due and payable" so commonly used in contracts should be given its legal definition and, second, we do not find any good ground in the evidence of plaintiff for the conclusion that defendant or his principal agreed to plaintiff's definition and thereby caused him to act upon it as the settled meaning of the contract.   The final result of the conference between the parties at which the sale was consummated was that defendant denied the claim of plaintiff for reimbursement and it is immaterial that the denial was put on another ground than that of error in plaintiff's construction of the contract.

Unquestionably the special tax bill on the date of the contract was a lien which the owner of the property had a present right to discharge by payment, but which the holder of the tax bill had no present right to enforce and could not enforce until the maturity of the first installment.   The contractual obligation of the principal of defendant was to pay all taxes "now due and payable."   In arriving at the definition of this phrase we shall ascertain the respective meanings of its component words and then the modifying effect of their conjunction to express a composite idea.

A cursory examination of the reported cases and of textbooks containing definitions of the word "due" might lead one to conclude there is a lack of accord among the authorities but a more careful analysis will

disclose at least a practical, if not a theoretical, unanimity. Depending in each case upon the context and the purpose to be served (U. S. v. Bank, 6 Pet. 29; Wyman v. Kimberly-Clark Co., 93 Wis. 554), the word in some instances is accorded its larger significance of referring to that which is owed, that which one contracts to pay, do, or perform to another, that which is owing, of importing an existing indebtedness without reference to the day of payment (Scudder v. Coryell, 10 N. J. Law, 340; Sand Blast File S. C. v. Parsons, 54 Conn. 310; Fowler v. Hoffman, 31 Mich. 215), while in another and larger class of instances, the word is held to signify that the day when payment ought to be made has arrived and that there exists a present right in the obligee to enforce payment by legal proceedings as well as a present right in the obligor to discharge the debt by payment. [See authorities cited, 3 Words & Phrases, 2217, et seq.]

The compatibility and practical utility of these dual definitions is recognized by the Supreme Court of the United States in U. S. v. Bank, supra, where, in speaking of "the different senses in which the term 'due' is used," the court say: "It is sometimes used to express the mere state of indebtment, and then is an equivalent to owed or owing; and it is sometimes used to express the fact that the debt had become payable. Thus, in the latter sense, a bill or note is often said to be due, when the time for payment of it has arrived. In the former sense, a debt is often said to be due from a person, when he is the party owing it, or primarily bound to pay, whether the time of payment has or has not arrived."

The consensus of judicial opinion is that when the word is employed in reference to an obligation for the payment of money, such as a bill, note or similar contract, it means the time set for the payment of such obligation.

The word "payable" when used in business transactions means that which is to be paid rather than that which may be paid. [6 Words & Phrases, 5246.] A debt is payable whenever the debtor has the right to pay it regardless of whether the time has arrived when the creditor may have his action upon it. The word has the same meaning as the broader sense of the word "due" and when combined with the latter word, as in the phrase under consideration, the only function it can have is to point to the restricted and differential meaning of its companion word as the one intended to be expressed. To hold otherwise would be to use the two words synonymously and tautologically. Such construction would do violence to the well-known canon which requires, if possible, the avoidance of rejecting as meaningless or merely cumulative, any words the parties have chosen to employ in the formal written expression of their agreement. We think the phrase must be understood as being synonymous with "taxes now accrued." [3 Words & Phrases, 2220.] That is to say, taxes for the collection of which there was a present right of action. Since the tax bill paid by plaintiff was devoid of such right the court did not err in holding, in effect, that it could not be classed with the obligations the contract imposed on the principal of defendant.

The judgment is affirmed. All concur.