ALICE L. PIPER *v.* OAKLAND MOTOR COMPANY.

February Term, 1920.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 6, 1920.

*Principal and Agent—Necessity of Showing Alleged Agent's Authority—Right of Witness to Correct Testimony—Evidence—Consideration of Inconsistent Statements—Purchase of Goods for Sale on Buyer's Account Not an Agency.*

1.  Where a motor company had no direct connection with the sale of an automobile, the buyer, before he can recover against it for a breach of warranty, must show that the person selling it was the company's agent authorized to make the warranty relied upon.

2.  A witness always has a right to modify his statement when truth or accuracy requires; and, when he has given an erroneous impression regarding the facts of which he has spoken, he should be allowed to make the required correction or explanation.

3.  An exception to the court's finding on the ground that it was not supported by the evidence that is expressly shown by the bill of exceptions is properly before the Court, although it is not shown by the transcript, which only purports to cover the proceedings down to the close of the evidence, and is made controlling only as to "matters therein contained."

4.  When a witness makes two statements that are inconsistent with each other both are for consideration, and it is for the trier to decide which is to be accepted as true, but only when it is reasonable to have it so, and when opposing inferences can reasonably be drawn therefrom.

5.  When a statement by a witness is plainly a correction of a prior statement, and there is nothing to throw doubt upon it as such, it is the duty of the trier to accept the correction and to disregard the statement as originally made.

6. The term "agent" is frequently used in connection with an arrangement which does not in law amount to an agency, where the essence of the arrangement is a bailment or a sale, as where one has the exclusive right to sell a specified article in certain territory, though no agency in fact exists.

7. Whether an agency does in fact exist in a given case depends upon the contract or arrangement under which the business is conducted, and it is immaterial that the parties denominate the arrangement as an "agency."

8. If one buys goods of another to sell on his own account, it is a purchase, and not an agency, though called so by the parties.

9. Where a witness testified that M. was a general agent of the defendant, and later explained that statement by showing the true relation between them, which was that of vendor and vendee, his testimony did not support a finding that M. was the general agent of the defendant.

ACTION OF CONTRACT for breach of warranty in the sale of an automobile. Plea, the general issue. Trial by Court at the April Term, 1919, Windham County, *Stanton*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Ernest E. Moore* and *Robert R. Twitchell* for the defendant.

*William R. Daley* for the plaintiff.

POWERS, J. The plaintiff bought an Oakland automobile of K. E. Mosher, a dealer in Brattleboro. Subsequently, a sand hole, due to defective casting, appeared in the cylinder block, and a new one had to be procured and installed in the car. This action of contract predicated upon an alleged broken warranty was brought against Mosher and the defendant company. Afterwards Mosher died, and the suit was discontinued as against him. The trial below was by the court, and judgment was for the plaintiff on findings filed. The defendant brings the case here on exceptions.

[1, 2] The defendant company had no direct connection with the sale of the automobile, and before the plaintiff could recover against it she was required to show that Mosher was the defendant's agent clothed with authority to make the warranty

relied upon. *Citizens Savings Bank & Trust Co.* v. *Jenkins,* 91 Vt. 13, 99 Atl. 250. To meet this requirement, the plaintiff called F. D. Talbert, a traveling salesman of the defendant, as a witness. In direct examination he testified, without objection, that Mosher was a general agent of the defendant in Brattleboro. In his cross-examination the defendant sought to explain this statement, and to show that the real relation between Mosher and itself was that of vendor and vendee, and not that of principal and agent. This the defendant had a right to do. A witness always has a right to modify his statement, when truth or accuracy requires. *Richardson* v. *Baker,* 83 Vt. 204, 75 Atl. 151; 40 Cyc. 2468. Whenever he has given an erroneous impression regarding the facts of which he has spoken, he should be allowed to make the required correction or explanation. *Pacific Export Lumber Co.* v. *Northern Pacific Lumber Co.,* 46 Or. 194, 80 Pac. 105; *State* v. *Brooks,* 99 Mo. 137, 12 S. W. 633; *Giffin* v. *Lewiston,* 6 Idaho, 231, 55 Pac. 545. But this defendant has nothing to complain of in this behalf. For Talbert was allowed to testify that, as agent of the defendant, he sold this automobile to Mosher, and that it was an outright sale. And, being asked to explain what he meant when he said that Mosher was defendant's agent, he said, in effect, that Mosher bought a certain number of cars of defendant on a shipment on a bill of lading with a draft attached, paid the draft before the cars were unloaded, and took his cars and sold them, and that this statement fully covered the arrangement.

The defendant excepted to the finding that Mosher was the general agent of the defendant, on the ground that it was not supported by the evidence, and also excepted when its motion for judgment predicated upon the same ground was overruled.

[3] The plaintiff insists that the first of these exceptions does not appear to have been saved. But it is expressly shown by the bill of exceptions, and though it is not shown by the transcript is properly before us, since the latter is made controlling only as to "matters therein contained." It only purports to cover the proceedings down to the close of the evidence. What took place after that is only shown by the exceptions.

[4-8] The only evidence of agency was the testimony of Talbert, already referred to. Was it, in the circumstances, sufficient to send a case to a jury? It is a rule of general application that when a witness makes two statements which are inconsistent

with each other, both are for consideration, and it is for the trier to decide which is to be accepted as true. *McDonald* v. *McNeil,* 92 Vt. 356, 104 Atl. 337. But this is so only when it is reasonable to have it so and when opposing inferences can reasonably be drawn therefrom. When one statement is plainly a correction of the other, and there is nothing to throw doubt upon it as such, it is the plain duty of the trier to accept the correction and to disregard the statement as originally made. This very case shows what injustice might result from any other rule. The term "agent" is used in various senses. In law it has a well defined meaning. But it is frequently used in connection with an arrangement which does not in law amount to an agency, at all, where the essence of the arrangement is a bailment or a sale, for instance. Such use of the term is not unusual in cases where one has the exclusive right to sell a specified article in certain territory, though no agency in fact exists. *Poirier Mfg. Co.* v. *Kitts,* 18 N. D. 556, 120 N. W. 558. Whether an agency does in fact exist in a given case depends upon the contract or arrangement under which the business is conducted, and it is entirely immaterial that the parties denominate the arrangement an "agency." If one buys goods of another to sell on his own account, it is a purchase and not an agency, though called so by the parties. *Bendix* v. *Staver Carriage Co.,* 174 Ill. App. 589; *Braunn* v. *Keally,* 146 Pa. 519, 23 Atl. 389, 28 A. S. R. 811; *Mack* v. *Drummond Tobacco Co.,* 48 Neb. 397, 67 N. W. 174, 58 A. S. R. 691; *Whitman Agricultural Co.* v. *Hornbrook,* 24 Ind. App. 255, 55 N. E. 502; *McGaw* v. *Hanway,* 120 Md. 197, 87 Atl. 666, Ann. Cas. 1915 A, 601; *Commercial Credit Co.* v. *Girard Nat. Bank,* 246 Pa. 88, 92 Atl. 44.

[9] It is apparent from the record that Talbert was not attempting to speak as a lawyer when he said that Mosher was the defendant's agent. His explanation, which there is nothing in the case to discredit, shows that he only meant that Mosher had the exclusive right to buy of the defendant and sell for himself the Oakland car in Brattleboro territory. Any other inference from his testimony would be unreasonable and unwarranted. The finding, then, is wholly unsupported, and the defendant's motion should have been granted.

*Judgment reversed, and judgment for the defendant to recover its costs.*