EDWARD G. EDELEN

*vs.*

FIRST NATIONAL BANK OF HAGERSTOWN.

*Negotiability of Instrument—Authority to Confess Judgment.*

A provision in a note authorizing judgment thereon to be confessed at any time, even before maturity, destroys its negotiability. p. 424

A provision in a note that "at any time" judgment confessed may be entered "for such sum as may be due thereon," authorizes an entry of judgment only after the note has matured, and consequently does not affect its negotiability. p. 424

A negotiable instrument is not "due" until it matures or becomes payable according to its terms. p. 425

That a note is made payable to "myself" does not tend to suggest fraud in its origin. p. 423

*Decided November 17th, 1921.*

Appeal from the Circuit Court for Montgomery County (PETER and WORTHINGTON, JJ.).

Action by the First National Bank of Hagerstown against Edward G. Edelen. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued, together with that next preceding, before BOYD., C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*L. Allison Wilmer* and *Robert B. Peter,* with whom were *Mitchell & Digges* on the brief, for the appellant.

*Harvey R. Spessard* and *Thomas L. Dawson,* with whom were *Henry F. Wingert, Ferdinand C. Cooksey,* and *Dawson & Dawson,* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The decision just rendered in the case of *Edelen v. The First National Bank of Hagerstown, ante,* p. 413, disposes of

some of the questions raised on this appeal. The opinion in that case refers to the promissory note here sued on and states the circumstances of its origin and of its acquisition by the bank. It is one of the notes for which those involved in the other case were designed to be substituted. The retention and disposition of all of the notes by the person to whom they were originally delivered is a part of the fraud in their inception which the former opinion describes. A separate suit has been brought on the note now before us because it is signed by only one of the two persons who made and indorsed the notes on which the other action was instituted. The same question as to the legal sufficiency of the evidence to show that the bank was not a holder in due course was raised in both cases, and there is no material difference in the testimony presented by the two records on that subject. The instruction which we approved in the case first decided was likewise granted in this instance, and we concur in that ruling for the reasons stated in the prior opinion.

This record also contains three exceptions to rulings on the admissibility of evidence, which present questions identical with some of those decided on the other appeal and which, therefore, need not be discussed.

An exception was taken to the refusal of the court to permit the president of the plaintiff bank to be asked, on cross-examination, what is the purpose of making a note payable to "myself," the note in suit being in that form. The expression of an opinion by the witness upon that question would have been wholly immaterial. The negotiability of a note so drawn is recognized by the Negotiable Instruments Act (*Code,* art. 13, sec. 83), and the adoption of that form or note by the defendant, as the maker and indorser, did not tend to suggest any fraud in its origin.

The most important exception in the record sought unsuccessfully to deprive the plaintiff of the position of a holder in due course on the theory that the note was not negotiable, and hence was subject to the original equities, because it

contained the following provision: "Claim to exemption waived,.and it is hereby further agreed that at any time judgment confessed shall be entered in a proper court against the maker or makers, and endorser or endorsers thereof, if any, for such sum as may be due thereon, and costs, and ten per cent. additional to said sum as a fee" to designated attorneys for obtaining the judgment.

The Negotiable Instruments Act provides that "the negotiable character of an instrument otherwise negotiable is not affected by a provision which * * * authorizes a confession of judgment if the instrument be not paid at maturity." (*Code,* art. 13, sec. 24.)

It is contended that the clause we have quoted from the note authorizes a judgment to be confessed on it before maturity and that its negotiability is thereby destroyed. If the provision was simply that the judgment might be obtained "at any time," the contention would have to be sustained. But it is stipulated that the judgment to be confessed must be "for such sum as may be due" on the note. In the cases cited by the appellant there was no such qualification of the provision for confession of judgment. In *Wisconsin Yearly Meeting of Freewill Baptists* v. *Bahler,* 115 Wis. 289, the holder of the note was empowered to enter judgment "at any time after date, whether due or not." The provision in *Richards* v. *Barlow,* 140 Mass, 218, and in *First Nat. Bank* v. *Russell,* 124 Tenn. 618, was that judgment could be confessed on the note "at any time hereafter." In each of those cases it was held that the promissory note in question was not negotiable, because its payment could be enforced by the entry of a judgment at any time, before or after maturity, at the discretion of the holder. The principle of the decisions is thus stated in a note to the Tennessee case just mentioned, reported in *A. & E. Ann. Cases,* 1913 A, 206: "The weight of authority favors the rule announced in the reported case, that a promissory note containing a warrant for the confession of judgment, on which execution may immediately issue,

at any time after the date of the note, violates the rule that
a note, to be negotiable, must be certain as to the time of
payment, and such a note is non-negotiable."

The terms of the note we are now considering did not en-
title the holder to enter judgment at any time, without refer-
ence to the question as to whether or not the note had ma-
tured. It is only "for such sum as may be due" on the note
that the judgment could be entered. The meaning of the
word "due" depends, of course, upon the connection in which
it is used. *Feeser* v. *Feeser,* 93 Md. 725. Various instances
of its use, illustrating its different significations, are cited in
3 *Words and Phrases,* 2216, and 19 *C. J.* 818. It is here em-
ployed to express one of the terms of a promissory note, and
with respect to such a subject and purpose there can be no
serious doubt as to its meaning. A negotiable instrument
is not "due" until it matures or becomes payable according
to its terms. It is not until the time fixed in the note for
its payment has arrived that any part of the sum it specifies
is "due," in the sense in which that word is customarily used
in such a connection. As thus employed it has regard to
the maturity, and not merely to the existence, of the in-
debtedness. *Adams* v. *Clarke,* 14 Vt. 9 ; *Swanson* v. *Spencer,*
177 Mo. App. 124. When, therefore, the note in this case
provides that judgment may be entered "at any time" "for
such sum as may be due thereon," it means that the entry of
the judgment can only occur after the note has matured. This
we regard as the natural and proper interpretation of the pro-
vision, and we agree with the court below that the negotiability
of the note was not thereby impaired.

The exceptions raising this question were taken to the ad-
mission of evidence that the plaintiff was the holder of the
note in due course, and to the refusal of an instruction which
would have treated the note as non-negotiable, and the opinion
we have expressed indicates our approval of those rulings.

*Judgment affirmed, with costs.*