MARY BEATTY *v*. F. B. DUNN ET AL.

May Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 2, 1932.

*Theriault & Hunt* for defendant Kenneth Dunn.

*J. J. Finn* and *J. Ward Carver* for the plaintiff.

OPINION ON MOTION FOR REARGUMENT AND REMAND.

POWERS, C.J.   When the opinion in the above entitled case was handed down (ante, page 340), the plaintiff filed a motion for a reargument and for a remand of the case.   Briefs on the motion were filed, and the questions raised have been considered. The grounds of the motion for reargument are seventeen in number.  Of these, several are based upon a mistaken view of the true scope and meaning of the opinion.   Others are predicated upon a distortion of the evidence, and others are to the effect that our conclusion that the tip-over of the car was not a proximate result of the defendant's negligence was wholly wrong, because we overloooked or misconstrued the evidence.

The ground last stated is the only one worthy of discussion. The law of causation as laid down in the opinion is not questioned, but it is insisted that it does not stand in the way of a recovery here, because, on the evidence the result of the negligence had not spent itself when the crash came, and no independent cause had intervened.   The facts relied upon for this claim are:   The frosty grass; the rough ground; the skidding of the car; the wobbly front wheel; and the tree.   These are the things that we failed to give adequate probative force to.   They were all in mind when the opinion was written.   However, we have again gone over the transcript with the brief on reargument in hand.   The plaintiff exaggerates their importance. The grass was frosty and slippery; but this fact was of importance in the case only as it contributed to sliding and skidding of the wheels of the car.   The only reasonable construction of the evidence is that the wheels slid a good deal when the brakes were applied, but they skidded so little that it had only a trifling effect, if any, upon the dangers of the situation.   It was so insignificant that John Beatty, the driver, did not mention it at all, and the only witness who referred to it said that the wheels slid about 18 feet, and the skidding resulted in a

track about 8 inches wide. Then, too, both the sliding and skidding ceased long enough before the car turned back into the roadway. The whole distance traveled by the car after it left the road was about 70 feet. The skid marks were about 18 feet long and about midway of the distance the car traveled while on the grass. They ended about 25 feet from the point where the car turned back into the road. The wheels were rolling for that distance.

The only testimony regarding rough ground came from John Beatty, who, when asked in cross-examination why he let off his brakes if he was afraid of hitting the tree, said that it was "kind of rough ground there." This condition was not deemed of sufficient importance to be again referred to; and a photograph admitted in evidence shows that, if the statement was true at all, the roughness was too insignificant to be considered as a factor in the situation.

The wobbly wheel is stressed in the motion and relied upon in the brief as one of the things that ought to have been considered as an element of the situation when the car was running on the grass. But the uncontradicted evidence showed that the wheel wobbled because of a sprung axle, and that the axle was sprung when the car tipped over. So, of course, the action of the wheel cut no figure in what happened before the car turned back into the road.

John Beatty testified that the tree he was afraid of hitting was 30 feet ahead of him when he released his brakes and turned back into the road. He also testified that he would have hit the tree if he had continued on his course. But another witness said that he would have had 3½ feet of leeway if he had gone along. In her brief the plaintiff accepts this statement and refers to the tree as being 3½ feet to his right. Taking Beatty's statement alone, he had 30 feet to go in a car moving at from 5 to 7 miles with four-wheel brakes that would have stopped it "dead." The claim that the evidence does not show that the car was moving at the rate of 5 miles an hour after the brakes were released is a mere quibble. Beatty testified that he "wasn't going over 5 miles an hour when he released his brake" and "ran along that five feet" that he had testified to.

The plaintiff insists that we should give heed to Beatty's statement that when he was getting back into the road

he couldn't have stopped his car. This statement immediately preceded his statement that when going 5 miles an hour, his brakes would stop the car dead. The very next question was, "If, instead of turning up into that road or running along without your brakes, when you were running five miles an hour, and you had put your brakes on there, you would have stopped dead, wouldn't you?" To which the witness replied, "Yes." We appreciate that contradictory statements of a witness usually have to be passed upon by the jury. Where, as here, however, the latter one is plainly a correction of the former one, it is to be accepted. *Piper* v. *Oakland Motor Co.*, 94 Vt. 211, 214, 109 Atl. 911.

Upon re-examination, we find nothing to warrant granting a reargument.

■ We are asked to remand the case so that the plaintiff may join John Beatty as a defendant, and it is insisted that justice requires that this case be tried anew with Beatty as a co-defendant. We cannot agree. It is a novel proposition that a case wherein there is no non-joinder should be remanded to enable a new party defendant to be brought in.

*Motion overruled.*