## WALTER H. HART *v.* BEATRICE E. HART.
[No. 32, April Term, 1933.]

*Decided May 26th, 1933.*

78

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Richard B. Tippett,* submitting on brief, for the appellant.

*Eugene P. Childs,* for the appellee.

Parke, J., delivered the opinion of the Court.

On September 26th, 1930, the Circuit Court for Anne Arundel County, by its order in writing, entered a judgment by confession for the sum of $3,000 in favor of Beatrice E. Hart and against Walter H. Hart. The term and succeeding ones expired, and then, on December 15th, 1932, the defendant filed a petition praying that the judgment be stricken from the records and the suit dismissed. The court passed an order directing that the judgment be stricken out and the suit dismissed, unless cause to the contrary be shown on or before the 28th of December, 1932.. The plaintiff demurred to the petition, and its demurrer was overruled, and the question on the petition was then heard. By the petition, the defendant had assumed the position of an actor, and the burden of proof was upon him to support his allegations of fact with evidence. No testimony appears on the record and, so, it must be held that none was offered. The trial court, however, will take notice of the record of the cause at bar, and consider the admissions made by the pleadings of the parties in connection with this record. The plaintiff did not deny by subsequent pleading the allegations of fact which required affirmative proof on the part of the defendant and petitioner. So, the averments of the petition must be taken as admitted and these averments may be regarded, with the

record of the prior proceedings in the case, as the facts upon which the *nisi prius* court dismissed the petition of the defendant that the judgment against him be stricken out. *Stump v. Henry,* 6 Md. 201; *Elwood v. Lannon's Lessee,* 27 Md. 200, 209, 210; *Zihlman v. Cumberland Glass Co.,* 74 Md. 303, 307, 22 A. 271; *Hensel v. Johnson,* 94 Md. 729, 734, 51 A. 575; *Matthews v. Matthews,* 112 Md. 582, 589, 77 A. 249; *Geesey v. Stouch,* 94 Md. 75, 50 A. 422; *Johnson v. Phillips,* 143 Md. 16, 20, 21, 122 A. 7.

There is no testimony, not even an allegation, that the judgment attacked was obtained by any form of fraud, or by mistake, or that the defendant had a meritorious defense, or that the obligation had been discharged or paid in whole or in part. The defendant relies wholly on the contention that the judgment is void because it was entered before the maturity of the promissory note in which the power to confess a judgment was a part.

The defendant executed and delivered to the plaintiff eight promissory notes, bearing date April 15th, 1930, for an indebtedness of $24,000. Every one of these notes was for the sum of $3,000, without interest. One note was payable one year after date, and the others, successively, at the interval of one year, so that the eighth note matured on April 15th, 1938. The only variation in form of the eight notes was the number of years after date the notes became due.

Before the maturity of any of the notes, the plaintiff docketed eight separate cases against the defendant in the Circuit Court for Anne Arundel County, on September 26th, 1930; and the court passed an order on the same day directing the entry of a judgment in every one of the cases, after an appearance had been entered for the defendant pursuant to the terms of the notes.

The note in the case now at bar was of this tenor:

"$3000.                    Annapolis, Md., April 15, 1930.

"Four years after date, for value received, I promise to pay to the order of Beatrice E. Hart the sum of three thousand dollars, without interest from date;

hereby waiving the benefit of all exemption and stay laws; and *if this note is not paid when it becomes due,* the makers and endorsers, jointly and severally authorize the Clerk of the Circuit Court for Anne Arundel County, Maryland, or any Justice of the Peace, to enter, or any attorney of any court of record *to appear and confess judgment, at or before maturity for the above sum including costs.*

"Walter H. Hart.

"Witness: Nicholas H. Green."

The defendant maintains that the proper construction of this paper writing is that it does not authorize a judgment by confession unless the sum agreed is not paid when it becomes due. If this position be sound, the judgment obtained should be vacated, as it was entered before the note matured. This construction, however, gives universal application to the conditional phrase "if this note is not paid when it becomes due," and entirely ignores the operative words "to appear and confess judgment, at or before maturity for the above sum including costs." Furthermore, the construction ascribes a total repugnancy in the two clauses quoted, and then gives effect to the first and rejects the latter, and thereby ensues a defeat of the intention of the parties.

It is a sovereign rule, in the construction of all written instruments, to ascertain the intention of the parties by the meaning of the words they have used, after having given its just effect, if possible, to every provision of the document. All the words are written and, if it can sensibly be done, must be read together and with reference to the subject-matter, so as to make the whole consistent and efficacious.

The parties had agreed that an indebtedness of $24,000 should be paid in eight equal yearly installments, without interest on the eight notes to be given as provided by their treaty. Their contract contemplated an immediate, cheap, and certain recovery of a judgment in the event of a default in the payment of any note; and the security afforded by the lien and remedies of a judgment to be obtained, whenever

desired, before the maturity of any of the notes. The two objects were, therefore, distinct, and became the contractual obligations of the defendant, whose performance by the defendant was assured to the plaintiff by the powers conferred upon the attorney designated by the contract in writing. The effect of the general words, "if this note is not paid when it becomes due," is therefore restrained to the contingency of a note becoming due and being then unpaid, and so was not intended to be accorded the unqualified meaning of these general words. If the general import of these words were not so limited, the plainly expressed intention that a judgment by confession should be obtainable by the plaintiff before the maturity of the note would be defeated. Furthermore, the phrase created a condition of its operation, which when so limited in meaning is not repugnant to the operative words, to appear and confess judgment at or before maturity, but is consistent with the agreement of the parties that the plaintiff, at her election, could obtain the security and advantages of a judgment before the maturity of the note. In this manner the natural meaning of the writing to the parties who contracted, under the circumstances which attended its making, is given effect. *Williston on Contracts,* secs. 624, 618-620.

The case of *Heywood v. Perrin,* 10 Pick. (Mass.), 228, illustrates the principle here applied. There the promissory note was in terms payable on demand, but at the bottom of the note was written the memorandum, "one half payable in 12 months, the balance in 24 months," and it was held that, since every clause should be given an effect if possible, the memorandum should be taken as intended to limit and control the generality of the words "on demand," and that the agreement was to pay one-half on demand after twelve months and the other half on demand after twenty-four months.

The case at bar is distinguished from *Edelen v. First National Bank,* 139 Md. 422, 115 A. 602, by the vital difference in the terms of the documents. In that case a note was

82

held negotiable because the power contained to enter a judgment by confession at any time was limited to the maturity of the note, since the terms restricted the judgment confessed to such sum as may be due thereon, which, as the court argued and found, could only be at the maturity of the note. Quite differently here, the maturity of the instrument on the present record is not controlling, as there is a specific provision for the entry of a judgment by confession "at or before maturity" and, no matter when entered, the amount is fixed and made constant at the principal sum of $3,000.

The right of the parties to agree to the entry of a judgment by confession before the maturity of the obligation is recognized and enforced in *Johnson v. Phillips,* 143 Md. 16, 19, 21, 22, 122 A. 7, which has many analogies to the pending appeal. See *Crothers v. National Bank,* 158 Md. 587, 590, 591, 149 A. 270. Necessarily construing the contract in controversy as a whole, and collecting the intention of the parties from the entire instrument, and not from separate portions, since every part must be considered in its context in order to ascertain its meaning as well as of the whole, it is a necessary conclusion that the entry by the *nisi prius* court of the judgment by confession was authorized and, therefore, valid. *McGaw v. Hanway,* 120 Md. 197, 200, 87 A. 666.

*Order affirmed, with costs.*

URNER and ADKINS, JJ., dissent.